UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL CASE NO. 1:24-cv-22523

**KENNY ORTEGA**
    *Plaintiff,*

**v.**

                                     **JURY TRIAL DEMANDED**

**MIAMI-DADE COUNTY,** a political
subdivision in the State of Florida, and
**JOSEPH DIAZ** in his individual capacity,
    *Defendants.*
_____/

## COMPLAINT

**COMES NOW Plaintiff, KENNY ORTEGA** (hereinafter "Plaintiff" or "Mr. Ortega") by and through his undersigned attorneys, and files this his Original Complaint against the Defendants, **MIAMI-DADE COUNTY** (hereinafter "County"), a political subdivision in the State of Florida and **JOSEPH DIAZ**, (hereinafter "Diaz") in his individual capacity, collectively "Defendants," and so states:

### I.    INTRODUCTION/NATURE OF THIS ACTION

This is an action for damages pursuant to 42 U.S. C. §1983 and Florida state law for damages caused by Defendants to Plaintiff during unlawful seizure, detention, arrest, confinement, and take-down in Miami-Dade County, FL. Defendant Officer Diaz was arrested and charged with official misconduct and battery in Miami-Dade case no. F2200506 in his arrest of Mr. Ortega. All charges against Mr. Ortega were dropped. Miami-Dade County PD has a custom and unwritten policy of, and deliberate indifference

to, such constitutional deprivations by its officers.

## II.     JURISDICTION, VENUE, AND PARTIES

1. Jurisdiction is properly invoked in this court pursuant to 42 U.S.C.§§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and tort laws of Florida. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1983 and under the tort laws of Florida. Supplemental jurisdiction for additional state law claims is proper pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy. Plaintiff seeks damages exceeding statutory minimum $75,000, exclusive of costs and interests.

2. Venue is proper under 28 U.C.S. § 1391(b)(2) because a substantial part of the events or omissions accruing these claims occurred in this judicial district and division.

3. Plaintiff, **KENNY ORTEGA**, at all times material hereto has been over the age of 18 years, a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Defendant, **MIAMI-DADE COUNTY**, ("County") is the employer of the Miami-Dade County Police Department ("MDCPD") and final decision-maker for policy, hiring, retention, and training decision-maker alone or in delegation/conjunction to/with its Director of the MDCPD (the title of Director is akin or synonymous to the title of police chief in other jurisdictions), who is the chief executive officer of the MDCPD. At all times material hereto, Defendant Joseph Diaz was an on-duty sworn law enforcement officer employed by the County's police department acting in the scope of his employment under color of law. MIAMI-DADE COUNTY is being sued in its official capacity.

5. Defendant, **JOSEPH DIAZ** ("Diaz"), was at all times material hereto a duly appointed and sworn on-duty law enforcement officer of the MDCPD acting under color of law and within the scope of his employment, who violated the constitutional rights of

Plaintiff KENNY ORTEGA. JOSEPH DIAZ is being sued in his individual capacity.

6. Plaintiff has met all conditions precedent to proceed with this action.

### III.  GENERAL FACTS

7. At all times material hereto, Officer Diaz was an on-duty sworn police officer actively employed by and working for Miami-Dade County's Police Department ("MDCPD") acting under color of law and within the scope of his employment when he encountered Mr. Ortega standing outside in Mr. Ortega's neighborhood and arrested Mr. Ortega on July 25, 2020.

8. Mr. Ortega had not committed any crime, nor was he charged with any crime.

9. Without probable or arguable probable cause or reasonable suspicion, Officer Diaz approached and detained Mr. Ortega, started engaging Mr. Ortega, and then told Mr. Ortega to "put his hands behind his back."  Mr. Ortega had not committed any crime nor was there probable cause to arrest Mr. Ortega.

10. Mr. Ortega responded by asking "what for" because he had not committed any crime.

11. Without provocation, probable or arguable probable cause,  reasonable suspicion, nor justifiable need for any force, and seeing that Mr. Ortega was not wearing a shirt during humid Miami weather, Officer Diaz then grabbed Mr. Ortega by the neck, threw Mr. Ortega down to the asphalt and caused Mr. Ortega's face to hit the ground, straddled Mr. Ortega's back, handcuffed and arrested him.

12. Officer Diaz injured Mr. Ortega during this shirtless unlawful and unprovoked take-down and/or take-down by-the-neck of Mr. Ortega.

13. Officer Diaz falsified his police report alleging pre-textual and false actions by Mr.

Ortega, for which Officer Diaz was criminally charged with official misconduct.

14. Officer Diaz charged Mr. Ortega with disorderly intoxication and resisting arrest without violence.

15. On or about January 2022, Defendant Officer Joseph Diaz was charged by the Miami-Dade State Attorney's Office with official misconduct and falsifying a police report in his arrest of Plaintiff Mr. Kenny Ortega.

16. All charges against Mr. Ortega were dropped. Case 2020-MM-012424-0001.

## IV. CAUSES OF ACTION

### COUNT I:
### FOURTH AMENDMENT: FALSE ARREST/FALSE IMPRISONMENT (42 U.S.C. §1983): DEFENDANT DIAZ

17. Plaintiff re-alleges and incorporates paragraphs 1 – 16 as if pled herein.

18. At all times material hereto, no probable or arguable probable cause or reasonable suspicion existed for Diaz' seizure, arrest, confinement, and/or detention of Mr. Ortega.

19. Diaz knew no probable or arguable probable nor reasonable suspicion existed to seize, arrest, confine, and/or detain Mr. Ortega.

20. Diaz still seized, arrested, confined, and detained Mr. Ortega anyway, without the consent of Mr. Ortega for any arrest, seizure, detention, or confinement.

21. Any objectively reasonable officer would have known that Officer Diaz had no lawful right to arrest, detain, seize, and/or confine Mr. Ortega, and even Officer Diaz knew his actions were unlawful and unlawful deprivations of Mr. Ortega's clearly established Fourth Amendment rights named herein, which was the reason Diaz falsified the police report in furtherance of those deprivations as per the

custom and/or unwritten policy of MDCPD to conceal illegal activity and deprivations of the constitutional rights of the citizenry. and here individually, Mr. Ortega.

22. Officer Diaz was subsequently arrested for his arrest of Mr. Ortega and charged with battery and official misconduct. All charges against Mr. Ortega were dropped.

23. Diaz' actions against Mr. Ortega were unlawful and an unlawful deprivation of Mr. Ortega's clearly established Fourth Amendment right to be free from unlawful seizures, arrest, confinement, and/or detention.

24. As a direct and proximate result of Diaz' actions, Mr. Ortega suffered wrongful incarceration; now has a criminal record for disorderly intoxication and resisting arrest although the charges were dropped; lost income/wages; other financial loss/expenses, and suffered mental pain and anguish, public embarrassment, humiliation, loss of reputation, fear of police, inconvenience, loss of opportunity, loss of enjoyment, and decreased quality of life.

    **Wherefore,** Plaintiff seeks trial by jury and entry of an Order for final judgment against Defendant Diaz for compensatory and punitive damages, attorneys fees, costs, and such other relief that this Court deems just and proper.

## COUNT II
## FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983)
## DEFENDANT DIAZ

25. Plaintiff re-alleges and incorporates paragraphs 1-16 as if pled herein.

26. At no time during Diaz' actions herein against Mr. Ortega herein did any threat of imminent or serious bodily harm, or harm, exist to Diaz or any person at the scene.

27. At no time did Mr. Ortega resist any lawful arrest or lawful order from Diaz.

28. At no time did Mr. Ortega resist arrest, any arrest with violence, physically initiate contact with Diaz, or perform any gesture or movement causing or provoking the need for physical force.  Mr. Ortega was shirtless and unarmed. *To wit*, Diaz charged him with resisting with*out* violence.

29. There was no need for Diaz to use force against Mr. Ortega, and the amount of force Diaz used against Mr. Ortega was unlawful, excessive, and more than the amount of force needed to detain or arrest Mr. Ortega.

30. At no time did Mr. Ortega consent to Diaz' physical contact, use of force, arrest, detention, seizure, or confinement of Mr. Ortega.

31. Diaz' physical take-down of Mr. Ortega by the neck exceeded any amount of force needed to detain and arrest Mr. Ortega, was unjustifiable force, and his seizure, detention, arrest, and take-down of Mr. Ortega were unlawful deprivations of Mr. Ortega's clearly established Fourth Amendment right to be from excessive force.

32. Officer Diaz' unlawful and unjustifiable deployment of physical force against Mr. Ortega caused and resulted in injury to Mr. Ortega when grabbing the visually shirtless Mr. Ortega by the neck and slamming him down to the asphalt road on his stomach, causing Mr. Ortega's face to hit the road, and straddling Mr. Ortega with the weight and force of Officer Diaz.  Mr. Ortega is a small-framed thin man.

33. Any objectively reasonable officer would have known that Officer Diaz had no lawful right to deploy physical force against Mr. Ortega, and even Officer Diaz knew his actions were unlawful and unlawful deprivations of Mr. Ortega's clearly established Fourth Amendment right to be free from excessive force.

34. Officer Diaz was subsequently arrested and charged with battery of Mr. Ortega. All charges against Mr. Ortega were dropped.

35. At all times material hereto, Mr. Ortega had a clearly established Fourth Amendment right to be free from excessive force.

36. As a direct and proximate result of Diaz' actions, Mr. Ortega suffered lost income/wages; physical pain and physical injury including back pain, a knot on his head, and pain in his teeth due to Diaz causing Mr. Ortega's head to hit the ground; other financial losses/expenses; long-term/still suffers back pain; and suffered mental pain and anguish, public embarrassment, humiliation, loss of reputation, loss of enjoyment of life, inconvenience, and decreased quality of life.

**Wherefore,** Plaintiff seeks trial by jury and entry of an Order for final judgment against Defendant Diaz for compensatory and punitive damages, attorneys fees, costs, and such other relief that this Court deems just and proper.

## COUNT III
## MONELL CLAIM:  CIVIL RIGHTS VIOLATIONS
## MIAMI-DADE COUNTY

37. Plaintiff re-alleges and incorporates paragraphs 1 – 16 as if pled herein.

38. This claim is brought pursuant to 42 U.S.C. §1983 for violation of the Fourth Amendment to the United States Constitution.

39. At all times material hereto, Plaintiff Mr. Kenny Ortega had a clearly established Fourth Amendment right to be free from unlawful seizures, detention, arrest, confinement, and/or excessive force.

40. Defendant MIAMI-DADE COUNTY was at all times material hereto the employer of its MDCPD and final decision and policy maker for its MDCPD and Miami-

Dade County, even when/if delegating its responsibilities to its Director (the title of "Director" is synonymous to police chief in other jurisdictions) and/or is the successor in interest to Miami-Dade County's former MDCPD and/or Director. The Defendant is a person within the meaning of 42 U.S.C. §1983.

41. Defendant MIAMI-DADE COUNTY was at all times herein, responsible for the policies, procedures, customs and/or practices implemented and utilized, including the supervision, training, discipline, retention, conduct and control over law enforcement officers, and employees including Defendant Diaz.

42. At all times material herein, MIAMI-DADE COUNTY, through its final policymakers in charge of law enforcement officers, and employees, engaged as a matter of policy, practice or custom in inadequate training, false arrest and imprisonment, excessive force, falsification of police reports, and inadequate supervision, and negligent retention of its officers and employees with reckless disregard and deliberate indifference to the rights of the County's inhabitants with whom the officers and employees come into contact, including and specifically, **KENNY ORTEGA**, and was deliberately indifferent to the need for better training and supervision, and it was highly predictable that its officers and employees engaged and/or would engage in false arrest/imprisonment, unlawful seizures and detention, excessive force, and falsification of police reports, as occurred with the false arrest and violations of the 4th Amendment rights of Plaintiff herein.

43. The actions of the Defendant, acting under the color of state law, deprived **KENNY ORTEGA** of his rights, privileges and immunities under the laws and Constitution of the United States, including but not limited to the right to be secure

in his person and property, to be free from unreasonable searches and seizures, to be free from being falsely arrested and subjected to false police reports in substantial furtherance of that false arrest, and to be free from excessive force.

44. By its actions as set forth herein, Defendant has deprived **KENNY ORTEGA** of rights secured by the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

45. As a direct and proximate result of Defendant's actions, and omissions, the Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution and the laws of the State of Florida and sustained significant, cognizable and permanent injuries

46. At all times material to this action, Defendant had policies, customs, practices and/or procedures that were the direct and proximate cause of the unconstitutional unlawful arrest, seizure, detention, confinement, making false reports/records, and excessive force against Plaintiff.

47. The above-mentioned policies, customs, practices and/or procedures included, but are not limited to, the following:

   a. Permitting its officers to unlawfully and illegally seize, detain, arrest, and confine Plaintiff and citizens without probable or arguable probable cause nor reasonable suspicion. Defendant has a history of and a policy, practice or custom, either written or unwritten, permitting its Officers to illegally and unlawfully seize, detain, arrest, and/or confine citizens without probable or arguable

probable cause nor reasonable suspicion. [1]

b. Permitting its officers to unlawfully and illegally using physical force and/or more physical force than necessary to seize, detain, arrest, and/or confine shirtless unarmed Plaintiff and citizens who are not resisting; passively resisting; and if resisting, doing so without violence.  To this end, Defendant has a history of and a policy, practice or custom, either written or unwritten, permitting its officers to unlawfully and illegally use physical force and/or more physical force than necessary or justifiable to seize, detain, arrest, and/or confine the citizens.

c. Permitting its officers to unlawfully and illegally touch, grab and/or strike Plaintiff and citizens without consent, who are not resisting, or passively resisting, if resisting at all, and causing physical injury pursuant to an unlawful and illegal seizure, detention, arrest, and confinement, To this point, Defendant has a history of and a policy, practice or custom, either written or unwritten, of

---

[1] Examples include but are not limited to: Diaz arrested Mr. Ortega on July 25, 2020. In 2019, four MDCPD officers deployed excessive force against an in-nocent bystander and known innocent hostage during a police chase of two robbers who had hijacked a UPS driver's truck.  Despite other alternatives, MDCPD officers chased the vehicle throughout open public streets spraying gunfire against innocent individuals.  This chase and shootings were very highly publicized throughout the media.  MDCPD's final decision makers were on notice of the constitutional deprivations of excessive force by those officers but continued to employ and defend the deprivations by those officers and chose not to train and/or ensure its officers were adequately trained nor adequately supervise in/regarding excessive force. Those four officers were recently indicted by a grand jury for manslaughter.  It was the investigation by the prosecutor in Broward County which led to their indictment, not that the County terminated them or sought arrest of the officers; the County is openly defending their actions. In 2016, MDCPD Officers Rafael Duran and George Price were convicted and pled guilty, respectively, to federal charges of a fraudulent scheme based on them falsifying multiple police reports and causing those reports ant those reports were made part of MDCPD's official records.  In 2018, MDCPD threw a wheelchair-bound, double-amputee Ms. Mary Brown to the ground for alleged trespassing and panhandling $1 in the parking lot of a Chevron gas station, with one of the officers caught on body-worn camera stating that he would "roll her out of" the wheelchair if she didn't' get into the police car. MDCPD retained those officers; openly defended them; and instead wrongfully issued a blanket statement it would delegate its use-of-force training to a/some unknown disability organization after receiving public backlash.

      permitting its officers to unlawfully and illegally touch, grab, and/or strike the citizens and cause physical injury pursuant to an unlawful and illegal seizure, detention, arrest, and confinement.

    d.  Permitting officers to produce, file and submit false reports misrepresenting, manufacturing and/or fabricating events, or evidence during an arrest or investigation of Plaintiff and citizens.  To this point, Defendant has a history of and a policy, practice or custom, either written or unwritten, of permitting officers to produce, file and submit false reports misrepresenting, manufacturing and/or fabricating events, or evidence during an arrest or investigation of citizens.

48. Defendant has failed and has a history of failing to prevent the conduct which befell Mr. Ortega, in that there are past and current complaints and cases, to take reasonable measures to provide officers and employees with adequate training in the proper, valid, and constitutionally mandated procedures and protocols in the application of lawful seizure, arrest, detention, and confinement, and lawful and true completion of police reports.

49. Additionally, Defendant failed to provide for adequate appropriate investigation and punishment of its officers' for the unwarranted and unlawful violations of citizen's 4th Amendment rights, particularly of Plaintiff's herein,  and regarding the proper application of lawful seizure, arrest, detention, and confinement, and lawful and true completion of police reports.  Said actions and inactions constitute a breach of its duties to train qualified officers, establish departmental procedures and methods to enforce protection of constitutional rights, and correct misconduct

of its officers of which it had actual or constructive notice. Prior to the violations of the 4th Amendment rights Mr. Kenny Ortega sued upon herein, this conduct of the Defendant had become a custom, pattern, practice, procedure, decision, and/or policy of failing to prevent, and thereafter minimizing the consequences of, police misconduct, undertaken with deliberate indifference to the risk it created that t Defendant's officers and employees would unlawfully seize, arrest, detain, and confine citizens without probable or arguable probable cause or reasonable suspicion in the performance of their police duties, which resulted in directly and proximately causing the violations of the constitutional rights of Mr. Kenny Ortega during the unlawful seizure, arrest, detention, and confinement by Diaz.

50. Defendant also ratified the violations of the Plaintiff's constitutional rights as described herein by approving and acquiescing to the decisions and the basis of the decision of the deputies and detectives involved in the incident and the violations of Mr. Ortega's 4th Amendment rights described herein. To this point, the Defendant took no disciplinary, investigative or administrative action whatsoever against those involved in the trampling of Mr. Ortega's civil rights, but instead, made public statements supporting the conduct of Diaz and the employees involved, and continues to do so. It was actually an investigation by the Miami-Dade State Attorney's Office into three arrests at different police department within the county of which Diaz' arrest was one being investigated, which led to Diaz' arrest.

51. Defendant, has, with deliberate indifference, adopted, implemented and/or executed the above policies and/or practices and/or procedures and/or customs which were directly responsible for deprivation of the constitutionally protected

rights Mr. Kenny Ortega and, in doing so, misused the power possessed by virtue of state law and made possible only because Defendant was clothed/cloaked with the authority of state law.

52. As a direct and proximate result of the actions and inactions of Defendant, alleged herein, Mr. Kenny Ortega's constitutional rights were violated by Defendant and its employees and/or agents, *inter alia*, through actions and inactions that culminated in permanent injuries and damages to Mr. Kenny Ortega.

53. Therefore, at all times material hereto the County was on actual or constructive notice and/or should have known that its officers were committing excessive force, false arrest/false imprisonment, unlawful seizures, and falsification of police reports in deprivation of the clearly established constitutional Fourth Amendment rights of the citizenry and persons it engaged or placed into its custody, and here individually and specifically, Mr. Kenny Ortega. Yet, the County's final decision-makers took no substantial steps to cause these deprivations to cease, but instead chose to turn a blind eye in total disregard to the deprivations by its officers and the impact of those deprivations on the citizenry and here specifically and individually, Mr. Ortega.

54. As a direct and proximate result of the County's deliberate indifference, failure to train, failure to supervise/negligent supervision, and negligent retention, Mr. Ortega suffered false arrest, false imprisonment, unlawful and excessive force, unlawful detention and seizure, a criminal record, wrongful incarceration, lost wages and income, physical injury and pain, long-term/ongoing back pain, and mental pain and anguish, anxiety, fear, inconvenience, loss of opportunity, public

humiliation, loss of reputation, and loss of dignity/quality of life.

**Wherefore,** Plaintiff seeks trial by jury and entry of an Order for final judgment against Defendant Miami-Dade County for compensatory damages, attorneys fees, costs, and such other relief that this Court deems just and proper.

## STATE CLAIMS

### COUNT IV: RESPONDEAT SUPERIOR
### DEFENDANT MIAMI DADE COUNTY

55. Plaintiff re-alleges and incorporates paragraphs 1 – 16 as if pled herein.

56. Defendant MIAMI-DADE COUNTY is being sued in its official capacity.

57. Defendant MIAMI-DADE COUNTY is liable for the wrongful and/or negligent acts of its employees working withing the scope of their employment.

58. At all times material hereto, Defendant Diaz was an on-duty uniformed sworn law enforcement officer employed by MIAMI-DADE COUNTY, working within the course and scope of his employment and color of law.

59. At all times material hereto, Defendant Diaz was an on-duty sworn law enforcement officer employed by Defendant MIAMI-DAD COUNTY and working within the course and scope of his employment when committing the acts of false arrest, false imprisonment, excessive force, and all other claims asserted herein against Plaintiff.

60. Pursuant to Fed. R. Civ. P 8(d), in the alternative to the contrary allegations set forth in this Complaint, Mr. Ortega alleges that Defendant Diaz did not commit the False Arrest/False Imprisonment named and Excessive Force herein in bad faith or with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

61. Defendant MIAMI-DADE COUNTY is therefore liable despite any statutory limitation it may attempt to assert excluding its liability based on arguments that its Defendant Odor acted outside his scope of employment.

**Wherefore,** Plaintiff seeks entry of an Order for final judgment against Defendant MIAMI-DADE COUNTY for compensatory damages, attorney's fees, costs, and such other relief that this Court deems just and proper.

### COUNT V: BATTERY
### DEFENDANT DIAZ

62. Plaintiff re-alleges and incorporates paragraphs 1- 16 as if pled herein.

63. Officer Diaz was charged with battery against Mr. Ortega.

64. At all times material hereto, Diaz unlawfully and without provocation touched and grabbed Mr. Ortega by the neck, threw shirtless Mr. Ortega to the asphalt on Mr. Ortega's stomach, caused Mr. Ortega's face to hit the road, straddled Mr. Ortega's back, handcuffed and arrested Mr. Ortega while Mr. Ortega was still on the ground and Diaz was still on Mr. Ortega's back, and injured Mr. Ortega's back, neck, and face, with Mr. Ortega still suffering back pain to date from Diaz' actions.

65. At no time did Mr. Ortega consent to be seized, grabbed, struck, or touched by Diaz, and at all times material hereto Diaz' seizure, grabbing and/or striking, and touching of Mr. Ortega was without Mr. Ortega's consent, more than incidental, intentional, unjustified, unnecessary, not in self-defense, not pursuant to a lawful arrest, and unlawful.

66. Mr. Ortega is a small-framed thin man, and Diaz knew or should have known that his actions herein would cause physical injury to Mr. Ortega, and Diaz' actions did physically injure Mr. Ortega.

67. All of Diaz' charges against Mr. Ortega were dropped.

68. As a direct and proximate result of Diaz' battery against Mr. Ortega, Mr. Ortega suffered immediate and ongoing back pain, neck pain, and pain to his teeth; ongoing back pain; public humiliation, lost income and wages, mental pain and anguish, loss of dignity, fear of police, inconvenience, and public embarrassment.

**Wherefore,** Plaintiff Mr. Ortega seeks trial by jury and entry of an Order for final judgment against Defendant Diaz for compensatory and punitive damages, attorneys fees, costs, and such other relief that this Court deems just and proper.

## V.
### ATTORNEY'S FEES

65.  If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. §1988.

## VI.
### JURY DEMAND

66.  Plaintiff respectfully requests a jury trial in this matter.

### PRAYER FOR RELIEF

**WHEREFORE** ALL ABOVE PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against all Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully Submitted this 28th day of June 2024

By: /s/ Rawsi Williams
Rawsi Williams, Esq. R.N.
State Bar No. 103201

RAWSI WILLIAMS LAW GROUP
701 Brickell Ave., STE 1550
Miami FL  33131
TEL:  888-RawsiLaw/888-729-7452
Email:rawsi@rawsi.com;
Ajoseph2@rawsi.com;
docservice@rawsi.com
Lead Counsel for Plaintiff


S/ Frank T. Allen
FRANK T. ALLEN, Esq.
The Allen Firm, P.A.
Florida Bar Number 0033464
2582 Maguire Rd., 130
OCOEE, FL 34761
(407) 481-8103 (T)
(407)481-0009(F)
*Attorneys for Plaintiff*
AllenF551@aol.com.