UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-22523-CIV-MOORE

**KENNY ORTEGA**,

    *Plaintiff*,

*v.*

**MIAMI DADE COUNTY,** *et al.*,

    *Defendants*.

_____/

## MIAMI-DADE COUNTY'S REPLY IN SUPPORT OF MOTION TO STAY

Plaintiff does not dispute that the State Attorney's Office ("SAO") file and the Miami-Dade Police Department's Professional Compliance ("PCB") files are exempt from disclosure under state and federal law, which is reason enough to stay this case. Yet, Plaintiff argues that a stay would be premature because Plaintiff has not yet sought discovery, and that a stay is unnecessary because news outlets have already procured the body worn camera footage and the police report.

Plaintiff's arguments are unavailing. Regardless of the discovery Plaintiff may seek and the evidence news outlets have obtained, the County does not have access to the SAO and PCB files until the criminal proceedings and PCB investigation are closed. Without these files, the County cannot adequately defend itself against Plaintiff's claim that it is vicariously liable for the conduct at issue in Officer Diaz's criminal case. And, although Plaintiff presses to advance this civil case, *his sense of urgency is belied by the fact that he has not even served Officer Diaz*. Because a stay would seriously hamper the County's ability to defend itself, and it would not prejudice Plaintiff, the Court should stay this case until the criminal proceeding against Officer Diaz has concluded.

First, Plaintiff argues a stay is premature because Plaintiff has not requested any discovery from Defendants. That is entirely beside the point. The County is not seeking a stay as a prophylactic remedy from prospective discovery that Plaintiff may or may not seek. The County is seeking a stay because it cannot obtain the documents it needs to defend itself. Because there is an open criminal proceeding, the County cannot access the SAO and PCB files, both of which relate to the underlying arrest and the conduct for which Plaintiff is seeking to hold the County vicariously liable.

Moreover, given the open criminal case, Officer Diaz may assert his Fifth Amendment privilege in response to any discovery directed at him in this case, which prevents the County from obtaining the Officer's account of what transpired, i.e., the alleged facts for which the County is being sued. In short, the County is seeking a stay to ensure this case proceeds when the County has access to all the discovery it will need to defend itself, regardless of Plaintiff's discovery efforts. Thus, Plaintiff's argument that ***Plaintiff*** has not requested any discovery is of no consequence.

Next, Plaintiff argues that "Defendants have already publicly released the most critical investigation information" such as the police report and body worn camera footage presumably suggesting there is no need for the SAO and PCB files. Plaintiff's Opposition to Defendant's Motion to Stay Case ("Response") [ECF No. 14] at 5. This makes little sense. To begin, it is entirely unclear what Plaintiff means when he states that "***Defendants*** have already publicly released" documents. *Id.* (emphasis added). There are two defendants here—the County and Officer Diaz—and neither can release that which they do not have, i.e., the SAO and PCB files. Moreover, Plaintiff's allegation that Defendants have already disclosed "the most critical investigative information" is also meritless, considering that Defendants do not know what is

contained in those files—and presumably neither does Plaintiff. To the extent Plaintiff, and other news outlets, have obtained portions of the police report or the body worn camera footage that may be part of the SAO and PCB files that does not change the fact that the complete SAO and PCB files remain statutorily exempt from disclosure. The circumstances of whether (and how) Plaintiff or the media obtained such information do not change the fact that these files are exempt from disclosure until the criminal proceedings against Officer Diaz and PCB's internal investigation have been concluded.

Third, Plaintiff argues that he has filed only "three simple claims" (false arrest, an excessive force, and a *Monell* claim) and, as such, relevant discovery will not pertain to the investigative files. Resp. 6. This is incorrect and disingenuous: Plaintiff omits his fourth and fifth claims for ***vicarious liability*** and battery against the County and Officer Diaz, respectively. *See* Compl. [ECF No. 14] at 14-16. The vicarious liability claim against the County seeks to hold the County liable for Officer Diaz's conduct, which makes the need for the entire investigative file—and Officer Diaz's unencumbered testimony—all the more crucial. The County cannot defend itself on a vicarious liability claim without having the Officer's full account of the events. Thus, as long as the SAO and PCB files remain exempt from disclosure, and Officer Diaz can exercise his Fifth Amendment right, the County will not have access to the discovery it needs to defend itself.

Plaintiff also suggests the County is filing this motion to "stall" these proceedings, alleging the County has engaged in "stall tactics" in the past during settlement negotiations. Resp. 7-8. To be clear, undersigned counsel has ***never*** engaged in settlement discussions with Plaintiff's counsel, nor has she engaged in any "stall tactics" at all. To the extent, Plaintiff's counsel is referencing cursory conversations she may have had with the County's risk adjusters, such conversations are

a routine part of the pre-suit notice process. There is nothing nefarious about those conversations, nor has the County ever attempted to dissuade Plaintiff from filing this lawsuit. The stay in this case is sought for no reason other than to avoid time consuming and costly litigation at a time when neither party will be able to procure the investigative files that are highly relevant to the County's defense in this lawsuit.

Lastly, though Plaintiff argues that "Mr. Ortega would be substantially prejudiced and harmed" if this case were stayed, he fails to actually identify the nature and extent of such prejudice. Resp. 14. And, while Plaintiff complains of the delays in Officer Diaz's criminal trial, he ignores the incontrovertible fact that the County has no influence over when the criminal trial will proceed. As of today, Officer Diaz's criminal case is set for trial in two months, but regardless of when it commences, Plaintiff will not be prejudiced by a stay until its conclusion.[1]

For the reasons articulated in its the Motion to Stay and here, the County respectfully requests the Court stay these proceedings and administratively close the case until the criminal proceedings against Officer Diaz have concluded.

---

[1] Plaintiff suggests that the County's reliance on the numerous stay orders entered in this district, under precisely the same scenario, were "by joint agreement of the parties" only. Opp. 3. While some of those motions were unopposed (presumably because many plaintiffs' lawyers have recognized the necessity of and utility of staying cases pending the resolution of related, open criminal proceedings and/or internal affairs investigations), in other cases the same result was reached where plaintiffs opposed a stay. *See e.g., Prosper v. Martin,* Case No. 17-20323 (Altonaga, J.) (ECF No. 20); *Young v. Miami-Dade County*, 16-Civ-23852 (ECF No. 20) (Altonaga, J.); *Rincon v. Miami-Dade County, et al*., Case No. 16-Civ22254 (ECF No. 25) (Gayles, J.).

Dated: August 23, 2024

                        Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida  33128

By:  *s/ Fabiana Cohen*
Fabiana Cohen
Phone: 305-375-5151
Email: cohenf@miamidade.gov
Fla. Bar No 119732
Assistant County Attorney