UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL CASE NO. 1:24-cv-22523-MOORE/Elfenbein

**KENNY ORTEGA**

     Plaintiff,

v.

**MIAMI-DADE COUNTY**, a political
subdivision in the State of Florida, and
**JOSEPH DIAZ** in his individual capacity,

     Defendants.
_____/

**PLAINTIFF'S MOTION TO LIFT STAY**

COMES NOW **Plaintiff, KENNY ORTEGA** ("Plaintiff" or "Mr. Ortega"), by and through his undersigned counsel, and files this *Motion To Lift Stay* pursuant to the Court's Order [**ECF 24**].[1] In support:

## I.    INTRODUCTION

This case is in its second stay upon Defendant's opposed motions, requesting this Court await the closure/outcome of the criminal case of Defendant Officer Diaz before allowing the instant civil rights/1983 case to proceed, wherein *Diaz* was arrested for battery and falsification of a police report in his arrest of Plaintiff *Mr. Ortega* three years ago in 2022; all charges against *Plaintiff* were dropped; the outcome of Defendant Diaz' criminal trial will not and cannot in any way moot nor dismiss any of Plaintiff's claims in the instant civil rights case; Diaz has continued his criminal trial over seven times, including at least twice during the pendency of the current stays; Defendant County filed its motion regarding its employee Defendant Officer Diaz based on a pre-mature and non-existent blanket discovery dispute despite no discovery having yet been served, and based that dispute that it could not access the State Attorney's documents for its arrest of Diaz although Diaz'

---

[1] This motion is filed pursuant to this Court's Order February 19, 2025, for Plaintiff to file a separate *Motion To Lift Stay* after Plaintiff filed the ordered status update report. Plaintiff requested lifting of the stay in the section for relief requested. Defendant in its Status Report requested the relief of the stay remaining in place.

1

arrest is not a claim in this case and Defendants do have access to all documents of Diaz' arrest of Plaintiff at issue in this case because Diaz is their employee; there is no known time of how long and how many times Diaz will continue to continue his criminal trial, as his counsel has asserted to this Court in two prior status reports that the trial will occur by a certain date only for Diaz to again continue the trial after a stay is granted in this case; and, despite Defendant's contention of important case information not being available nor releasable during its now over three year investigation, Defendants have already released to the public the unredacted BWC of Diaz' arrest of Plaintiff, the police report of Diaz' arrest of Plaintiff, a public news announcement of the charges against Officer Diaz, Diaz' name and likeness, and supplied document(s) in response to Plaintiff's public records request. Respectfully to this Court, Plaintiff opposes another stay

## II.     RELEVANT PROCEDURAL BACKGROUND

1. On December 9, 2024, this Court entered a temporary stay of the instant case until February 7, 2025. That stay was the second stay entered in this case on Defendant's opposed motions to stay this case. [**ECF 20**].

2. On August 5, 2024, Defendant filed its first opposed Motion To Stay Case Pending Conclusion of Criminal Proceedings. Defendant also requested therein that the instant civil rights case be administratively closed. [**ECF 11**].

3. Defendant County claimed it would not be able to access or serve requested documents from the Miami-Dade County State Attorney's file in its arrest of Defendant Officer Diaz, charged in 2022 by the Maimi-Dade County State Attorney's Office (MDCSAO), for his actions in his arrest of Plaintiff Mr. Ortega. Defendant County also argued that Defendant Diaz' criminal trial was scheduled to occur on October 28, 2024, and that the Court should await the outcome.

4. The MDCSAO has already set its case for trial multiple times, but Defendant Diaz has continued it as shown herein and in Plaintiff's prior opposition.

5. At the time of Defendant's motion, no discovery requests had been propounded or served by Plaintiff.

6. On August 19, 2024, Plaintiff filed his opposition to Defendant's motion. Within that Opposition, Plaintiff exhibited the criminal trial docket from Diaz' public criminal case showing Diaz had continued that case already at least six times on Defense continuances, and that Plaintiff had not yet served any discovery for Defendant's blanket discovery objection

2

to be ripe. [**ECF 14**].

7. On August 23, 2024, Defendant County filed its Reply to Plaintiff's opposition. [**ECF 15**].

8. On September 30, 2024, this Court entered an Order granting Defendant's motion for stay and administratively closed this case. The Court stayed the instant case until November 14, 2024, and the parties were to file a Joint Status update on or before that date to also inform the court if any of Plaintiff's claims had been dismissed as "moot." [**ECF 17**].

9. On November 14, 2024, the parties filed their Joint Status Report. The parties informed the Court that Diaz' scheduled October 28, 2024, trial had not occurred due to Defendant Diaz' continuance, and that Diaz had scheduled a plea deal date to enter a plea deal in that criminal case in November 2024. Defendant County again moved within the Joint Status Update in the instant filing for a second stay. Plaintiff Ortega opposed a second stay, and renewed and incorporated his prior opposition. [**ECF 18**].

10. On November 18, 2024, Plaintiff also filed a NOTICE Of Outcome of Defendant Officer Diaz' Plea Hearing Held Today, November 11, 2024 : No Plea Entered or Accepted by Defendant Diaz (Plaintiff's Counsel attended in person) into this case. Plaintiff informed this Court that Defendant Diaz not only failed to enter any plea deal, but again continued his criminal trial. [**ECF 19**].

11. On December 9, 2024, this Court entered an Order granting Defendant's second stay until February 7, 2025. The Court again stated to inform it if any of Plaintiff's claims are "dismissed as moot;" that Plaintiff could only "speculate" on what documents are being withheld by the MDCSAO; and that Plaintiff provided some "articles" of public information already released by the MDCSAO and Defendant Miami-Dade County in the instant case.

12. As shown in the update below, Defendant Diaz has now continued even that trial that he continued after his October 28, 2024, trial date; and after his November 18, 2024, plea deal date, from the scheduled February trial date to now a trial date in April 2025.

13. Plaintiff has repeatedly in all opposition and status reports argued that Defendant Diaz is stalling by repeatedly continuing his criminal case, and that the Court cannot rely on any dates provided by Defendants Diaz or County to continue staying this case because Diaz continues to continue his criminal case, including after this Court grants stays, as shown below.

14. Plaintiff continues to be prejudiced in not being able to move forward nor prosecute the instant case wherein he was damaged. We are now at Defendant's third request for a stay,

3

wherein the only reason they keep seeking the stay is that Defendant Diaz keeps continuing his criminal trial – now for three years wherein he was arraigned in January 2022.

15. Plaintiff has already informed this Court of how Defendant lulled Plaintiff into waiting to file this case based on Defendants putting forth that they wanted to settle the case, and while Plaintiff operated and followed up in good faith, Defendants then never once made an offer.

16. Plaintiff argues that continuing the stays are immoderate, and constructively indefinite since the Court cannot reasonably rely on any date provided by Defendant and substantively prejudice Plaintiff's due process rights to prosecute his case in a manner that in way serves the public interests but only those interests of Defendants.

17. Defendant Diaz has now continued his criminal trial again, including at least twice since this Court granted his first motion to stay the instant case. Defendant Diaz continued his previously continued trial to October 28, 2024, then continued that trial to November 18, 2024, plea deal date which he failed to enter any plea deal, then continued the trial to February 18, 2025, and now has continued that trial to April 14, 2025. All continuances are by Defense motion for continuance. His latest continuance was filed January 22, 2025. [**EXHIBIT A**].

18. Plaintiff has also now finally been able to coordinate service of the instant Complaint and Summons on Defendant Diaz through Opposing Counsel and Defense Counsel after informing them that Plaintiff would file a Motion To Compel release of Diaz' address for service since all of Plaintiff's efforts to serve him via the police department liaison had failed, which is the usual method for serving police so that no personal address has to be released. Plaintiff has filed Return of Service for Diaz into the instant case. [**ECF 23**].

## MEMORANDUM OF LAW

Plaintiff, Mr. Kenny Ortega, re-alleges and incorporates herein the above paragraphs 1- 18 as if plead herein.

### A. THE STAY IS INDEFINITE AND IMMODERATE.

Under well-settled case law, as cited by this Court in its December 9, 2024, paperless orders granting Defendants first and second requests to stay this case, District Courts have discretion to place cases in stay status, but that the length of the requested stay will not be indefinite or immoderate. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 n.7 (11th

Cir. 2004) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The Court also ordered that the parties inform this Court if any of Plaintiff's claims had been "dismissed as moot.' [**ECF 17**; **ECF 20**].

Here in the instant case, as evidenced herein and in Plaintiff's prior opposition to Defendant's original motion to stay this case [**ECF 14**], the one thing we know for sure is that this Court does not know when Diaz will finally stop continuing his criminal cases for his arrest occurring three years ago in 2022, so to continue staying the instant case serves no public good or interest where an Officer seems to believes he has an ally in the Court to the point that he can preclude the citizenry from prosecuting their claims against him for violations of their civil rights committed by the Officer work in the county's police department. Based on the update provided [**SEE EXHIBIT A**], we are now on at least seven continuances of Diaz' 2022 criminal case by Diaz/on his defense continuances alone. Although the Court stated in its paperless order that Plaintiff was "speculating" on what documents the MDCSAO is "withholding" (in its criminal investigation of Diaz already charged in 2022 and brought to trial), respectfully, this is not Plaintiff's counsel's first civil rights/1983 case, and we are well aware of the documents we need to prosecute this case, as well as what has already been released to the public and cannot now be withheld, as shown to this Court in Plaintiff's prior opposition. To wit, Plaintiff's same undersigned counsel just prosecuted a non-lethal civil rights/1983 false arrest and excessive force case to verdict one month ago, and won a unanimous jury verdict of $2,000,000.00 (two million dollars).

In Plaintiff's first Opposition to Defendant's first motion to stay the instant case [**ECF 14**], Plaintiff listed the Defense continuances by date for this Court's convenience, along with the exhibit of Diaz' criminal docket. [***Id.* at Pages 1 -2, and Exhibit A/Attachment 1 of ECF 14**]:

*Charged by the SAO over two years ago in 2022 and having entered his plea of not guilty and demand for jury trial way back in January 2022 (**Id. at 5 - 6**) with the first trial date being set for May 9, 2022 (**Id. at 17**), Diaz has continued his trial on Defense motion alone from May 9, 2022, to July 18, 2022 (**Id. at 30 – 31**), to October 31, 2022 (**Id. at 40 – 41**), to January 23, 2023 (**Id. at 59 – 60**). Diaz has also filed Defense continuances re-scheduling the most recent trial dates from October 2, 2023, to February 20, 2024 (**Id. at 95 - 96**), and July 18, 2024, to the currently scheduled trial date of October 28, 2024 (**Id. at 135 – 139**). And all those dates do not include the separate dates in between where the Prosecution stipulated to the continuances designated as "STIP" and the court re-scheduled to March 18, 2024 (**Id. at 102**), It is not yet known if Defendant Diaz will once again file*

5

> *motion to continue the current scheduled trial date, while asking this Court to stay the instant §1983 case based on him having an open criminal case.*

Then, the evidence clearly shows Diaz continued to continue his criminal trial even after being granted multiple stays in the instant case. On August 5, 2024, Defendant filed its first motion to stay and administratively close this case. Defendant stated Diaz was scheduled for trial in his criminal case for October 28, 2024. [**ECF 11**]. After Plaintiff filed opposition [**ECF 14**], this Court granted Defendant's stay on September 30, 2024. [**ECF 17**]. Subsequently, on October 17, 2024, Diaz continued his criminal trial scheduled for October 28, 2024. [**SEE EXHBIT A at 148**]. Then, Defendant moved for a second stay in the instant case within the relief requested section of the joint status report on November 14, 2024. The update was that Diaz had a plea deal date scheduled for November 18, 2024. Plaintiff opposed the granting of a second stay within that joint status report. [**ECF 18**]. Subsequently, on November 18, 2024, Diaz did not enter any plea deal. On that same day, Plaintiff filed his notice to this Court that Defendant did not enter a plea deal at the public court date on November 18, 2024, but instead continued his trial again. [**ECF 19**]. The continued trial date was set for February 18, 2025. [**EXHIBIT A at 152**]. Then, on December 9, 2024, this Court granted Defendant's second stay. [**ECF 20**]. Subsequently, on January 21, 2025, Diaz continued his criminal trial again from February 18, 2025. [**EXHIBIT A at 159, 162**]. His new trial date is now scheduled for April 14, 2025. [***Id.* at 165**]. Yet, Defendants are again/now seeking a third stay within their latest status report. [**ECF 21**]. Diaz' actions against Mr. Ortega were five years ago in 2020. Diaz was arrested three years ago in January 2022. [**EXHIBIT A. at** 3]. It is now February 2025.

Defendant's repeated continuances of his criminal case only to then continue those continuances with no end or certain date in sight as to when he will go through with the jury trial he demanded, has unequivocally caused the length of stay in the instant civil case to become and be both indefinite and immoderate, in contravention to *Four Seasons*. *Id*. This case is now moving into its third stay, with no ordered end date or time frame in which the stay will end. In fact, by the time of Diaz' next scheduled trial date in April 2025 based on his most recent continuance last month, the instant civil case would have been filed and stayed for almost a year. How long does Diaz get to infringe Mr. Ortega's rights again? Is it not enough that Diaz committed the acts against Mr. Ortega giving rise to this case five years ago in 2020, and Defendants pre-textually lulled Mr. Ortega into waiting to file this case under the guise of pursuing settlement only to never make one settlement offer? Do Defendants now get to continue their delaying and preclusion of Mr. Ortega's

6

rights to even prosecute his claims against Defendants pursuant to, *inter alia*, 42 U.S.C. §1983, *Monell,* the Fourth Amendment, and Florida law? There is no public interest in allowing the police department and officers to evade and unreasonably – and here indefinitely - delay the rights of the citizenry to prosecute claims against on-duty police acting under color of law.

      The stay has become indefinite and immoderate *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A*., 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Defendants know this Court has no jurisdiction to make Diaz proceed with his criminal trial or comply with his criminal trial dates which Defendants keep giving to this court, only to blatantly continue the trial after this Court grants the requested stay.  However, this Court *does* have the jurisdiction to move *this* case along regardless of how many times Diaz keeps continuing his criminal trial. After all, the outcome of Diaz' criminal trial does not dismiss nor moot any of Plaintiff's claims herein because Diaz' actions are analyzed based on the events at the time of his acts against Ortega To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest…; whether an officer had probable cause depends on the events leading up to the arrest…. *Lee v. Ferraro*, 284, F.3d 1188, 1195 (11th Cir. 2002).  Further, the standard in this civil case is preponderance of the evidence, not the higher burden of beyond a reasonable doubt in Diaz' criminal case.  Plaintiff will not be dismissing his claims based on any outcome of Diaz' criminal trial. Plaintiff opposes another stay and humbly asks that if this Court grants another stay, it gives a date certain of moving this case forward regardless of Diaz continuing to forever continue his criminal trial.

      Therefore, this stay in the instant case has become indefinite and immoderate, and Plaintiff asks this Court to lift/not extend this stay.  In the alternative, if this Court will grant a new stay/extend for the third time the current stay, Plaintiff asks the Court to include a certain end date within its Order that this case will move forward within the next two months no later than May 15, 2025. That even includes time for Diaz to have completed his most recent continued trial date scheduled to occur in April 2025, if he has any good faith intent of ever sitting for the trial he demanded.

### B. <u>DEFENDANTS' ASSERTED BLANKET NON-SPECIFIC DISCOVERY DISPUTE IS NONEXISTANT AND CONTRAVENES FEDERAL RULES OF CIVIL PROCEDURE TO GRANT/EXTENDING A STAY</u>

Under the well-settled <u>F.R.C.P. 26 and 34</u>, blanket categorical and premature discovery objections are not allowed.  A party cannot simply have discovery stayed or preclude a case

moving forward based on Defendant's speculation of what documents may be requested or accessed, especially where no discovery requests have yet even been served, and Defendants themselves have already released investigation and case-sensitive police report and BWC of the entire arrest – not just a clip – to the public when publicly announcing on the news its charges against Defendant Officer Diaz in his arrest of Plaintiff Mr. Ortega, and dropped all the charges against Mr. Ortega.

    Under **F.R.C.P. 26(b)(1),** as amended,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain **discovery regarding any nonprivileged matter** that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. **Information within this scope of discovery need not be admissible in evidence to be discoverable**.

    Under **F.R.C.P. 34(b)(2)**,

> an objecting party (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response. (C) **Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest**.  (emphasis added).

    Here, Defendants predicated their motions on an impermissible pre-emptive and speculative categorical blanket discovery objection to producing documents wherein not yet one document or even the title of even one document, or discovery request at all, had been served or was before Defendants or this Court. Case in point is that Defendants did not list one document or even the name of one document in its motion that would be requested. Defendants did not list one document that they could not produce. Defendants have not cited any specific objections to any supposed

documents. Defendants are impermissibly speculating. That remained true at the time of the granting/extending of both stays. This Court closed the instant case administratively after granting Defendant stay, ordering periodic status updates/reports, to include the relief requested by each party within the report.

Instead, Defendants also kept citing to Florida state law which allows a Court to grant a stay while an internal investigation is marked open; but does not requires a court to do so. However, here Defendant's internal investigation has been marked open since at least the 2022 arrest of Diaz.  That is three years.  If adding the time since Diaz' arrest of Plaintiff Mr. Ortega back in 2020, that is five years.  No matter how you slice it, the delay in closing the investigation belongs solely to Diaz, because Defendants are awaiting the outcome of his criminal trial for closure of their investigation.  Defendants predicated their illusionary and non-existent discovery dispute that "no documents or investigation information from MDPD or SAO is released to anyone – including parties  -- until the investigations are closed.  [**ECF 11 at Pg 1, ¶¶ 1 - 2**].  However, as plead in Plaintiff's Complaint [**ECF 1**], all charges against Plaintiff have been dropped, Defendants have already publicly released online and in public news broadcasts many of the critical documents and the unredacted body-worn camera ("BWC") of Diaz' arrest at issue of Mr. Ortega. Plaintiff has already evidenced to this Court his prior opposition that  Defendant and/or the MDCSAO have already publicly released multiple case specific and unredacted BWC of Diaz' entire arrest of Mr. Ortega, the police report, Diaz' name and likeness, and announced its charges against him. Plaintiff only provided a clickable link to only some of the multiple sources of that BWC, police report, and other case/internal investigation information still available online today  [2]

It is also a very unreasonable assertion at the least, by Defendants to want this Court and Plaintiff to believe they can't access their own documents completed by its on-duty law enforcement officer employee Diaz in Diaz' arrest of Mr. Ortega at issue in this case, and never release case documents or critical case information until whatever arbitrary and uncertain future date they will decide to mark their internal investigations are closed. That is irrefutably untrue.  Defendants release what they want of critical case information despite active internal investigations, when they want, regarding whomever they want.  A recent  example to that point beyond Mr. Ortega is this same Defendant County just *voluntarily sua sponte* released to the public over 105 minutes of

---

[2] Miami-Dade State Attorney announces charges against 3 police officers after FDLE investigations" https://www.local10.com/news/local/2022/01/12/3-former-police-officers-face-charges-in-3-cases-after-fdleinvestigation/; Opa-locka police captain who shot fellow cop with Taser among 3 officers facing charges" https://www.miamiherald.com/news/local/crime/article257226397.html.

BWC of its detention and/or arrest of famous NFL player Tyreek Hill. Defendant County informed the public that it would keep the public updated throughout its investigation, "*in our commitment to transparency and maintaining public trust,*" even informing the public that *"One officer, identified by police officials Tuesday as Danny Torres, a 27-year veteran of the force, has already been placed on administrative duty. "The department is committed to conducting a thorough, objective investigation into this matter, and we will continue to update the public on the outcome of that process.*"[3]

Defendants cannot now just arbitrarily decide not to release documents when it comes to Mr. Ortega, nor preclude moving this case forward based on its speculation. For instance, the department's use of force policy is a document which would be requested in this case. It is not specific to Diaz' investigation but instead is a department wide policy. There is no valid objection Defendants could have lodged. In another example, Defendants have already released the police report to the public. How could they have objected? In yet another example, Defendants have already released the unredacted BWC to the public? How could they have objected? Defendant's charges against Mr. Ortega are already dropped in 2020. That record is already released. How could they permissibly have objected? Any 911 calls and dispatch are public record. They've already released BWC with audio. How could they have objected with good faith and sound legal or factual basis? How could they have permissibly objected to release of Diaz' personnel file; prior citizen complaints; booking and/or jail records regarding Mr. Ortega? There is not instance named herein for which Defendants could have lodged permissible lawful objections. This is a false arrest/false imprisonment, assault, battery, and Monell claim case. There are no weapons, or shooting where ballistics are pending, DNA is awaiting, and even deposition can proceed, especially here where Diaz continues to delay his criminal trial and is the sole cause of delaying both the instant case and his criminal case.

In fact, Courts have even denied protective orders concerning discovery due to the gamesmanship of a party seeking to avoid discovery, including depositions. Appellants' "ongoing gamesmanship and disregard of the [c]ourt's orders demonstrate[d] that the violation here [was] willful and . . . deserving of sanctions." *Stansell v. López Bello*, No. 22-13454 (11th Cir. Feb. 17,

---

[3] Bodycam footage shows Miami-Dade Police forcibly handling Dolphins star Tyreek Hill. (September 9, 2024. National Public Radio news article, https://www.npr.org/2024/09/09/nx-s1-5106872/tyreek-hill-police-bodycam-videos-miami-dolphins; Miami-Dade cops release body-cam footage after Tyreek Hill cuffed before game. Take a look. (September 11, 2024, Updated December 19, 2024. Miami-Herald. https://www.miamiherald.com/news/local/community/miami-dade/article292207400.html; Miami-Dade cops release body-cam footage after Tyreek Hill cuffed before game. Take a look. (September 11, 2024, Updated December 19, 2024. Miami-Herald. https://www.miamiherald.com/news/local/community/miami-dade/article292207400.html

2023). In *Stansell* the Court lacked the ability to make Lopez comply with all its orders due to lack of jurisdiction in some matters, just as here where this Court has no jurisdiction to compel Diaz to finally sit for the trial he demanded. Yet, that Court instead exercised the jurisdiction it did have in its own case to move that case forward where Lopez kept playing games delaying discovery, such as missing deposition, and entered default against Lopez. Default judgment pursuant to Rule 37 "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Valid particular and specific objections are required. Defendants failed that burden. Further, as shown in the above examples of discovery which would have been requested, it is irrefutable that Defendants would have been able and required to meet those discovery requests. Under Rule 34(b)(2)(C), "if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions." Fed. R. Civ. P. 34(b)(2)(C), Advisory Committee's Note to 1993 Amendment. See also *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[E]ven if some of the law firm's requests for production were irrelevant, Quarles must have a valid objection to each one in order to escape the production requirement;" *Jay E. Granig & Jeffrey S. Kinsler, Handbook of Fed. Civ. Discovery and Disclosure § 9:3* (4th ed. & July 2024 update) ("If a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions;" Eleventh Circuit citing to the aforestated F.R.C.P. and case law in *Stansell v. López Bello*, No. 22-13454 (11th Cir. Feb. 17, 2023).

      The Eleventh Circuit affirmed the District Court's entry of default judgment in the midst of Lopez' ongoing discovery gamesmanship in *Stansell*. Defendants are playing that same type of gamesmanship here; just as Lopez used her status as fugitive which was beyond the District Court's jurisdiction to control as a ubiquitous impediment to moving the case forward and complying with discovery, so here are Defendants using the fact that the date of and the actual completion of Diaz' criminal trial is beyond the jurisdiction of this District Court to compel. Yet, just as that with that District Court recognizing that ongoing gamesmanship and moving forward the civil case, so here can this District Court. We're not talking about two or three continuances by Diaz, we're talking at least seven continuances on defense continuances alone and counting, for the last three years, and trying to preclude moving this case forward until whenever that trial occurs based on impermissible and non-existent alleged and pretextual discovery dispute by Defendants.

      C. **NONE OF PLAINTIFF'S CLAIMS WILL BE DISMISSED OR MOOTED BASED**

## ON THE OUTCOME OF DIAZ' CRIMINAL TRIAL.

Under well-settled case law, the outcome of Diaz' separate criminal case has no bearing on any of Plaintiff's claims being "dismissed as moot," and Plaintiff will not be dismissing any of his claims as moot based on the outcome of Diaz' criminal trial. The instant civil rights case for false arrest turns on whether Diaz had probable cause to arrest Plaintiff at the time of arresting him, and whether his use of force was justified despite even if the arrest would be valid. Even a subsequent exoneration of Diaz criminally will not moot, dismiss, nor cause summary judgment to be granted on any of Plaintiff Ortega's claims. While Plaintiff has the right to amend his Complaint to add more claims, he will not be dismissing as moot any claims and has he legal right to proceed on his claims against Defendants.

Here, this case is plead under §1983 for Diaz' arrest of Ortega, and the charges were dropped and that case closed for over four years. Defendant's conflating of Diaz' criminal case as somehow determining the outcome of the instant civil rights case is misguided. The burden of proof in this case is a lesser preponderance of the evidence. Regardless of the outcome of Diaz' criminal case which carries the higher burden of proof of beyond a reasonable doubt, none of Plaintiff's claims in the instant case are dismissed nor mooted. Defendant's own departmental investigation and the MDSAP criminal investigation of Diaz do not stop this civil case from moving forward, and further allowing Defendants to determine when Plaintiff in this case can prosecute his case by their ongoing gamesmanship from lulling Mr. Ortega into waiting to file suit under the guise of pursuing settlement but never making one offer, to repeatedly requesting stays in this case while Diaz subsequently then continues his trial again, serve no public interest and instead penalize Mr. Ortega by placing him at the whim of Diaz and the County for their constitutional violations under color of law against Mr. Ortega.

An arresting officer is required to conduct a reasonable investigation to establish probable cause, *Rankin,* 133, F.3d at 1435. An officer may not "choose to ignore information that has been offered to him or her..[or] conduct an investigation in a biased fashion or elect not to obtain easily discoverable facts'." *Kingsland v City of Miami*, 382, F.3d 1220 1229 (11th Cir. 2004). A "police officer may not close her or his eyes to facts that would help clarify the circumstances of an arrest. Reasonable avenues of investigation must be pursued. Especially when…it is unclear whether a crime has even taken place. *BeVier v. Hucal*, 806 F.2nd 123, 128 (7th Cir. 1986). To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest…; whether an officer had probable cause depends on the events leading up to the arrest….

12

*Lee v. Ferraro*, 284, F.3d 1188, 1195 (11th Cir. 2002); see also *District of Columbia v. Wesby*, 583 U.S.--- 138 S.Ct. 577, 199 L.Ed.2d 453 (2018); See Also *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 735 (11th Cir. 2010 (citations omitted.).

A person can resist unlawful orders in arrest and excessive force, and can't lawfully be arrested for protected speech. Wright v. State, 705 So. 2d 102, 2014 (Fla. 4th DCA 1998). A person may resist the use of excessive force in making the arrest. State v. Holley, 480 So.2d 94, 96 (Fla.1985). Even verbally protesting is not probable cause for an arrest but protected speech. §843.02, Fla. Stat. (1993). City of Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).

Therefore, there is no reason to prevent Mr. Ortega from moving forward in his claims against Defendants based on the completion and adjudication of the criminal charges against Defendant Diaz.  Both Diaz' criminal defense counsel and civil counsel in this case were involved in arranging the service on Diaz in the instant case.  They are both well aware this case exists, the facts plead in this case, that's it's now five years later and Diaz has neither sat for the jury trial he demanded in his criminal case, and that they have not resolved nor attempted resolution of this matter with Mr. Ortega. . Plaintiff's claims in the instant case will remain notwithstanding.

## III.     CONCLUSION AND REQUESTED RELIEF

Wherefore, all above premises considered, Plaintiff Mr. Ortega humbly prays this Court will grant his motion.  Further/extending stay only serves to harm Mr. Ortega and serves no purposeful, permissible, nor public interest or benefit in this matter.

Plaintiff thereby prays this Court:

1.  Enter an Order granting this motion and immediately lifting the Stay.
2. In the alternative, enter an Order that the Stay will not be extended again beyond May 15, 2025, regardless of whether Diaz/ criminal case is resolved and/or adjudicated by that date.
3. Grant any other relief necessary to effectuate Plaintiff's intent and requests in this motion.

Respectfully Submitted this 28th day of February 2025

By: /s/ Rawsi Williams
Rawsi Williams, Esq. R.N.
State Bar No. 103201
RAWSI WILLIAMS LAW GROUP
701 Brickell Ave., STE 1550
Miami FL  33131

13

TEL:  888-RawsiLaw/888-729-7452  
Email:rawsi@rawsi.com;  
Ajoseph2@rawsi.com;  
docservice@rawsi.com  
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was filed with the District Clerk, Florida Southern District, and served electronically on all counsel of record via the ECF filing system on this **28th** day of **February 2025.**

/s/ Rawsi Williams  
Rawsi Williams, Esq. R.N.  
State Bar No. 103201  
RAWSI WILLIAMS LAW GROUP  
701 Brickell Ave., STE 1550  
Miami FL  33131  
TEL:  888-RawsiLaw/888-729-7452  
Email:rawsi@rawsi.com;  
Ajoseph2@rawsi.com;  
docservice@rawsi.com  
Attorney for Plaintiff

**Service List**  
Frank Allen, Esq., Co-Counsel for Plaintiff  
Fabiana Cohen, Esq., Counsel for Defendants