UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-22523-CIV-MOORE

**KENNY ORTEGA**,

    *Plaintiff*,

*v*.

**MIAMI DADE COUNTY,** *et al.*,

    *Defendants*.

_____/

## MIAMI-DADE COUNTY'S RESPONSE TO PLAINTIFF'S MOTION TO LIFT STAY

Defendant Miami-Dade County ("County") files this opposition to Plaintiff's Motion to Lift Stay ("Motion") [ECF No. 26], which regurgitates the same arguments this Court has already heard and rejected. No matter how many times Plaintiff protests otherwise, the fact remains that a criminal case remains pending against co-Defendant Joseph Diaz for the very arrest at issue in this civil lawsuit. Because no party will be able to obtain the State Attorney's Office's files until the conclusion of Mr. Diaz's criminal case, the Court should deny Plaintiff's Motion and extend the stay until Mr. Diaz's criminal case has concluded.

For efficiency purposes, the County will not respond to the same arguments it already addressed in its Motion to Stay Case [ECF No. 11] and its Reply in Support that Motion [ECF No. 15], which the Court agreed with [ECF No. 17] and which the County incorporates here. Nonetheless, the County deems it prudent to respond to certain arguments Plaintiff insists on interposing in an attempt to lift the stay. First, the five-month stay in this case has been neither indefinite nor immoderate, as Plaintiff alleges. Courts in this District, grappling with similar issues, have stayed cases for much longer periods of time to allow for the conclusion of the criminal and investigative proceedings. *See, e.g., Prosper v. Anthony Martin,* Case No. 17-20323 (Altonaga, J.)

(staying case for 11 months until the State Attorney's Office and the Miami-Dade Police Department had completed their investigations into the incident at issue); *Loving v. Miami-Dade County et al.*, Case No. 18-21351 (Martinez, J.) (staying case for 3 years until conclusion of the criminal trial against the officer). As Chief Judge Altonaga stated in *Prosper*, "without a stay, the parties will be forced to litigate without the benefit of any meaningful discovery, as most of the evidence and information necessary to prosecute and defend the excessive force claim is contained within the investigative file. Proceeding with discovery while an investigation remains open but inaccessible to the parties makes it impossible for the Court to enter a meaningful scheduling order." *See Prosper,* Case No. 17-20323 (Altonaga, J.) [ECF No. 20].

The same remains true here. Opening this case and proceeding with discovery while the criminal case against Mr. Diaz remains open will force the County to defend itself without having access to files relating to the very arrest at issue in this lawsuit. To be very clear, the County is not arguing that it cannot access its own documents or that the disposition of the criminal case will render some of the claims in this case moot, as Plaintiff now argues. *See* Motion at 9, 12. Rather, a stay is necessary because the County cannot access documents it does not have; so long as a criminal case remains open against Mr. Diaz, the SAO file **on the very arrest at issue** remains statutorily exempt from disclosure, and no party can access those documents.

Lastly, a note on professionalism seems necessary. Since the filing of this lawsuit, Plaintiff has continuously and incessantly insinuated that the County is engaging in gamesmanship and dilatory tactics. *See* Response in Opposition to Motion to Stay [ECF No. 14] at 7-8 ("Defendants have already played stall tactics"); Joint Status Report [ECF No. 18] at 2 ("Defendants previously lured Plaintiff into not filing the instant case"); Plaintiff's Status Report [ECF No. 22] at 3 ("Defendant lulled Plaintiff into waiting to file this case"); Motion at 11 ("Defendants are playing

that same type of gamesmanship here."). These baseless accusations seemingly relate to pre-litigation discussions between the parties, which Plaintiff misleadingly characterizes as an attempt to delay the filing of this action. Nothing could be further from the truth. The County has ***never*** attempted to dissuade Plaintiff from filing this lawsuit, nor is the County attempting to extend the stay now for some nefarious purpose, as Plaintiff suggests.

The stay in this case was sought – and should remain in place – for no other reason than to avoid time-consuming and costly litigation at a time when no party will be able to procure the investigative files that are highly relevant to this lawsuit. Accordingly, the County respectfully requests that the Court deny Plaintiff's Motion to Lift Stay [ECF No. 26] and maintain the stay of these proceedings until the conclusion of the criminal proceedings pending against Mr. Diaz.

Dated: March 5, 2025.                                      Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: *s/ Fabiana Cohen*
Fabiana Cohen
Bar No. 119732
e-mail: cohenf@miamidade.gov
Assistant County Attorney
Phone: (305) 375-5151
*Counsel for Miami-Dade County*