UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-22523-KMM

KENNY ORTEGA,

    Plaintiff,

v.

MIAMI DADE COUNTY and
JOSEPH DIAZ, individually,

    Defendants.

_____/

## DEFENDANT JOSEPH DIAZ' MOTION TO EXTEND STAY OF PROCEEDINGS PENDING RESOLUTION OF THE PARALLEL CRIMINAL CASE

Defendant, JOSEPH DIAZ (Officer Diaz), by and through his undersigned attorney, files his Motion to extend the stay of the proceedings in this case pending the conclusion of the criminal case pending against him in Miami-Dade County Circuit Court (Case No.: 2022-CF-000506) in connection with his actions involving Plaintiff's arrest, which form the basis for Plaintiff's Complaint, and in support thereof, states as follows:

### INTRODUCTION

Plaintiff filed its Complaint against Miami-Dade County (the County) and Officer Diaz on July 2, 2024 [DE 1], alleging violations of Plaintiff's state and

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

federal rights during Plaintiff's arrest by Officer Diaz on July 25, 2020, while Officer Diaz was performing his duties as a Police Officer with the Miami-Dade County Police Department (MDPD) (now Miami-Dade Sheriff's Office).

Plaintiff served its Summons and Complaint on the County on July 17, 2024 (See [DE 7]) and on Officer Diaz on February 11, 2025 (See [DE 23]).

On August 5, 2024, the County filed its Motion to Stay Proceedings and Administratively Close Case [DE 11], arguing - *inter alia* – that this case should be stayed because there is an open and active criminal case pending against Officer Diaz relating to the arrest at issue in this case and thus, the State Attorney's Office's (SAO) file is protected from disclosure under state and federal laws, such that, all reports, documents, and information created in connection with that investigation are protected from disclosure and that, therefore, the County would not have access to said documents or information until the criminal proceedings conclude.

The County argued further that it is thereby precluded from accessing evidence that is critical to its defense in this civil action.

The County then set forth extensive argument in its said Motion to stay, supporting the position that District courts have broad discretion in deciding whether to stay proceedings, incidental to their powers to control and efficiently

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

manage their dockets; that where there is an open criminal proceeding or an internal affairs investigation, courts in this District have routinely granted temporary motions to stay; that the balance of the Parties' and the Court's interests favors a stay of these proceedings; and that Plaintiff would not be prejudiced if said Motion to stay was granted because any relief to which Plaintiff would be entitled at the end of this case would still be available after the stay expired.

This Honorable Court granted the Couty's Motion to stay and – at the urging of both Defendants – has subsequently extended the stay as to both Defendants until May 3, 2025 (See the Orders in Docket entries: [17], [20] and [34].

In its [DE 34] PAPERLESS ORDER, the Court required that "the Parties shall file a status report proposing further proceedings and seeking such other relief, such as a motion to extend the stay or to dismiss any claims as moot, on or before May 3, 2025." All parties have complied as of the date of filing this Motion.

Consequently, Officer Diaz seeks the Court's discretion and power over its docket to extend the stay in this case until the disposition of the pending criminal case against him because the underlying factual circumstances are substantially similar in both, the criminal case and this civil case; therefore, any attempt by Officer Diaz to respond to Plaintiff's Complaint and to otherwise defend himself in this case places him in the position of being forced to testify against himself, in

Page 3 of 14

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

violation of in his right to remain silent in a criminal prosecution under the *Fifth Amendment to the United States Constitution*.

## MEMORANDUM OF LAW

### Interplay Between The Court's Inherent Power to Stay Civil Proceedings and The Fifth Amendment to the United States Constitution.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance… Considerations such as these, however, are counsels of moderation rather than limitations upon power." **Landis v. N. Am. Co.**, 299 U.S. 248, 249, 57 S. Ct. 163, 163 (1936).

A decision to stay civil proceedings during the pendency of criminal proceedings is dependent upon the circumstances and competing interests involved. **Federal Sav. and Loan Ins. Corp. v. Molinaro,** 889 F.2d 899, 902 (9th Cir. 1989).

Obviously, a court should consider the extent to which the defendant's Fifth Amendment rights are implicated. "Other factors a court should consider will vary according to the case itself, but generally will include:

(1) the interest of the plaintiffs in proceeding expeditiously with this

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.*, at 902-03.

All of these factors must be weighed against the rights afforded a person under the Fifth Amendment to the United States Constitution, which provides – among other rights – that no person "shall be compelled in any criminal case to be a witness against himself." **U.S. Const. Amend. 5**.

The United States Supreme Court disapproves of procedures which require a party to surrender one constitutional right in order to assert another. Similarly, the Court emphasizes that a party claiming the Fifth Amendment privilege should suffer no penalty for his silence. ***Wehling v. Columbia Broad. Sys.***, 608 F.2d 1084, 1085 (5th Cir. 1979).[1]

"The case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" ***Molinaro***, *supra*, at 903 (citing ***SEC v. Dresser Indus., Inc.***, 202 U.S. App. D.C. 345, 628 F.2d 1368, 1376 (1980).

---

[1] In ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981) (en banc ), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

The court may deny a stay as long as the invocation of the Fifth Amendment privilege does not compel an adverse judgment against the claimant. ***Tribble v. Tew***, 760 F. App'x 718, 719 (11th Cir. 2019).

A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" ***United States v. Lot 5***, 23 F.3d 359, 364 (11th Cir. 1994) (citing ***United States v. Kordel***, 397 U.S. 1, 12-13 & n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970)).

**ARGUMENT**

The facts of this case merit a stay, as they present the type of "special circumstances" that support a stay because there is no doubt that there is an overwhelming overlap of the issues in the civil complaint here and those involving the criminal case, which arose out of the same arrest of the Plaintiff by Officer Diaz. See, ***Dresser***, *supra*. (The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter).

The overlap in this case is evident, as the allegations in Plaintiff's Complaint formed the very basis for the presentation of criminal charges against Officer Diaz.

Specifically, Plaintiff's Complaint [DE 1] alleges in pertinent part that:

Page **6** of **14**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

- [Officer Diaz arrested Mr. Ortega on July 25, 2020.] (Par. 7).

- "Without provocation, probable or arguable probable cause, reasonable suspicion, nor justifiable need for any force, and seeing that Mr. Ortego was not wearing a shirt during humid Miami weather, Officer Diaz grabbed Mr. Ortega by the neck, threw Mr. Ortega down to the asphalt and caused Mr. Ortega's face to hit the ground, straddled Mr. Ortega's back, handcuffed and arrested him." (Par. 11).

- "Officer Diaz injured Mr. Ortega during this shirtless unlawful and unprovoked take-down and/or take-down by-the-neck of Mr. Ortega." (Par. 12).

- "Officer Diaz falsified his police report alleging pre-textual and false actions by Mr. Ortega, for which Officer Diaz was criminally charged with official misconduct." (par. 14).

- "On or about January 2022. Defendant Officer Joseph Diaz was charged by the Miami-Dade State Attorney's Office with official misconduct and falsifying a police report in his arrest of Plaintiff Mr. Kenny Ortega." (Par. 15).

The Information filed by the State of Florida against Officer Diaz in the pending criminal proceedings sets forth the following similar allegations:

"COUNT 1

JOSEPH E DIAZ, on or about July 25, 2020, in the County and State aforesaid, being a public servant, did unlawfully, knowingly, and intentionally obtain a benefit for any person or to cause harm to another, falsify, or cause another person to falsify, any official record or official document, to wit: the sworn narrative in the arrest affidavit [of Plaintiff herein, Kenny Ortega] for Miami-Dade criminal case B20012424, in violation of s. 838.022, Fla. Stat., contrary to the form

Page **7** of **14**

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

COUNT 2

And the aforesaid Assistant State Attorney, under oath, further information makes JOSEPH E DIAZ, on or about July 25, 2020, in the County and State aforesaid, did unlawfully commit battery upon Kenny Ortega by actually and intentionally touching or striking said person against said person's will and/or causing bodily harm, to wit: bruises and scratches, in violation of s. 784.03, Fla. Stat. , contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

See Exhibit "A" hereto: : *Information*, State of Florida v. Joseph E Diaz, Case No.: 2022-CF-000506, Filing # 143506226 E-Filed 02/08/2022 01:20:01 PM.

Officer Diaz pled Not Guilty in the criminal proceedings and is vigorously defending himself therein; however, he cannot effectively defend himself in this case without risking self-incrimination in the criminal proceedings.

As a result of those criminal charges, Officer Diaz would have no choice but to invoke his *Fifth Amendment* right in response to any discovery propounded by the Plaintiff here. Similarly, those pending criminal proceedings would also make it impossible for Officer Diaz to conduct any meaningful discovery in this case because to do so would open the door for the State to use any or all of it against him in the criminal case.

Thus, Officer Diaz would suggest that the emphasis here should be on

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

whether the lifting of the stay would create an injustice for him and whether the Plaintiff would suffer any prejudice by extending the stay until the conclusion of the criminal case against him.

Officer Diaz urges that, should the stay be lifted here, he would likely be required to go to trial before the criminal proceedings[2] brought against him as a result of Plaintiff's accusations – which are the same or similar to her allegations here – would result in a great injustice to him because he would be forced to make the Hobson's choice of defending himself in this case, or invoking the ***Fifth Amendment*** to protect himself against any possible use that the State may make of his answers here to attempt to convict him of these scurrilous accusations.

Officer Diaz would further argue that, by contrast, there would be no prejudice to the Plaintiff as a result of extending the stay in this case pending the conclusion of the criminal proceedings because, as the County argued in its Motion to stay [DE 11], "Any relief to which Plaintiff would be entitled at the end of this case would still be available after the stay has expired. Plaintiff has preserved these claims by filing this action within the applicable statute of limitations. But if the case goes forward and discovery must commence, neither party will be able to engage in meaningful discovery." (See [DE 11], Pg. 7).

---

[2] The criminal case is currently set for Trial on September 2, 2025.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

Similarly, there would also be no prejudice to the County as a result of extending the stay because, as the County acknowledged in its said Motion, if the stay is lifted, the County would be forced to defend itself without having the benefit of the Officer Diaz' full account for which the County is being sued and would be forced to litigate this case without the benefit of crucial discovery necessary for its defense. (See [DE 11], Pg. 7-8).

**Courts Routinely Staying Proceedings Pending Conclusion of Parallel Criminal Cases and Investigations.**

There are many examples of Courts utilizing their discretionary power to stay civil cases pending resolution of parallel criminal proceedings against the claimants of the privilege.

One such case, demonstrating that the length of the stay is less important than the protection of a person's Constitutional rights, is ***Wehling***, supra. There, the court approved a three-year stay of discovery, noting that: "Although a three-year hiatus in the lawsuit is undesirable from the standpoint of both the court and the defendant, permitting such inconvenience seems preferable at this point to requiring plaintiff [3] to choose between his silence and his lawsuit." ***Id.***, at 1089.

---

[3] Although not applicable here, it's worth noting that, in ***Wehling*** (at footnote 10), the Court disagreed with the argument posed by CBS that – in essence – the self-incrimination privilege was inapplicable where it is a plaintiff who invokes it. The Court held that, although the plaintiff-defendant distinction has its advocates (pointing to ***Jones v. B. C. Christopher & Co.***, 466 F. Supp. 213 (D.Kan. 1979) and ***Minor v. Minor***, 240 So.2d 301 (Fla. 1970) as examples) the Court is unwilling to join their ranks, adding that: "although the plaintiff-defendant

It is patently clear that the stay of discovery in *Wehling* realistically amounted to a stay of the entre proceedings during that period of time.

**Illustrative Listing of Courts in this District Staying Proceedings Pending Conclusion of Parallel Criminal Cases and Investigations.**

Courts in this District have also routinely granted motions to stay. For instance, in ***Loving v. Miami-Dade County et al.***, Case No.: 18-cv-21351-MARTINEZ, the Court stayed the case pending the resolution of the related state criminal and administrative investigations and the subsequent criminal case and required the parties to file status reports every sixty days during the stay. (See DE 7], entered on May 2, 2019). The case was ultimately stayed for over three years, until March 2, 2023 [DE 29].

In ***Neal v. Lumpkins***, Case No.: 20-cv-21979-ALTONAGA, the Court stayed the case pending completion of the related investigations by the Miami-Dade County State Attorney's Office and the Security and Internal Affairs Bureau of the Miami-Dade Corrections and Rehabilitation Department and required the parties to submit a joint status report every sixty days. (See [DE 27]).

In ***Carraway v. Perez,*** Case No.: 17-cv-22929-KING, the Court stayed the case pending further Order of the Court and required the parties to submit a joint

---

'distinction is superficially appealing, . . . civil plaintiffs seldom voluntarily seek situations requiring litigation.' ***Wehling***, supra, at 1089 n. 10.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

status report every sixty days. (See [DE 8]).

As noted by the County in its motions to stay and other pleadings, several other courts in District have similarly stayed civil cases pending the conclusion of the parallel criminal cases. For example:

- *Prosper v. Martin*, Case No.: 17-cv-20323 (Altonaga, J.) [DE 20];

- *Montefu v. Miami-Dade County et al.*, Case No.: 16-cv-23241 (Ungaro, J.) [DE 7];

- *Young v. Miami-Dade County*, Case No.: 16-cv-23852 (Altonaga, J.) [DE 20];

- *Rincon v. Miami-Dade County, et al.*, Case No.: 16-cv-22254 (Gayles, D.) [DE 25];

- *Perkins, et al., v. City of Miami Beach*, Case No.: 14-cv-21923 (Ungaro, J.) [DE 56];

- *Arnold v. Sainvil, et al.*, Case No.: 15-cv-20973 (Gayles, J.) [DE 53];

- *Rogers v. Miami-Dade County*, Case No.: 12-cv-23506 (Graham, J.) [DE 30];

- *Urrea v. Miami-Dade County, et al.*, Case No.: 12-cv-22101 (Hoeveler, J.) DE 38]; and

- *Gregory, et al. v. Miami Dade County*, Case No.: 13-cv-21350 (Graham, J.) [DE 18].

**Relief Requested.**

Therefore, Officer Diaz urges the Court to extend the stay in this case until final disposition of the foregoing criminal case against him. Additionally, Officer

Page **12** of **14**

Diaz moves that, once the stay is lifted following the conclusion of the criminal case, the Court reset all pertinent deadlines under the Federal Rules of Civil Procedure and the Local Rules of this Court to allow him sufficient time to conduct discovery and otherwise prepare the defense of this case.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that he has conferred with counsel for the Plaintiff and for the County, who indicated as follows: The Plaintiff objects to the requested extension of the stay, while the County does not object.

**WHEREFORE**, Defendant, Officer E. Diaz, prays that this Honorable Court will enter its Order extending the stay in this case until final disposition of the foregoing criminal case against him and resetting all pertinent deadlines under the Federal Rules of Civil Procedure and the Local Rules of this Court, for the foregoing reasons.

**DATED:** May 5, 2025.

                    Respectfully submitted,

                    **Donet, McMillan & Trontz, P.A.**

                By: /s/ David M. Trontz
                    **David M. Trontz, Esq.**
                    Florida Bar No.: 948111
                    Attorney for Defendant, Joseph Diaz

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 5, 2025, undersigned counsel electronically filed the foregoing **Defendant Joseph Diaz' Motion to Extend Stay of Proceedings Pending Resolution of the Parallel Criminal Case** with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing (NEF) to all counsel of record registered therein.

        **Donet, McMillan & Trontz, P.A.**

By: /s/ David M. Trontz
**David M. Trontz, Esq.**
Florida Bar No.: 948111
Attorney for Defendant, Joseph Diaz
100 Almeria Avenue, Suite 230
Coral Gables, Florida 33134
Telephone: 305-444-0030
Email: trontz@dmtlaw.com
Email: paralegals@dmtlaw.com

Page 14 of 14

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com