**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 24--22523-CIV-MOORE**

**KENNY ORTEGA**,

    *Plaintiff*,

*v.*

**MIAMI DADE COUNTY**, *et al.*,

    *Defendants*.

_____/

**JOINT CONFERENCE AND SCHEDULING REPORT**

Plaintiff, KENNY ORTEGA, and Defendants, MIAMI-DADE COUNTY and JOSEPH DIAZ, pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1(b), and this Court's Order, [ECF No. 43], hereby submit this Joint Scheduling and Conference Report.

**(1)**      **Party Conference**

     The Parties met via video conference on May 29, 2025, to discuss the matters in the Joint Scheduling Report.

**(2)**      **Recommended Case Management Track**

     This case should be assigned to the Standard Track.

**(3)**      **Rule 16(b)(2) Conference Report**

     **(A)**      **Likelihood of Settlement.**

         While the current likelihood of settlement remains unknown, the parties will discuss settlement in good faith.

     **(B)**      **Likelihood of Appearance in the Action of Additional Parties.**

         The Parties do not anticipate the appearance of other parties at this time.

     **(C)**      **Proposed limits on Time/Discovery Schedule:**

         The Parties agree to abide by the scheduling timeline for the standard case management track, as described in Local Rule 16.1(a)(2)(B), and propose the schedule set forth in the proposed scheduling order attached hereto as ***Exhibit 1***.

**DEFENDANT COUNTY'S STATEMENT:** Given the concerns raised by Defendant Miami-Dade County at the May 15, 2025, Status Conference, regarding limited access to documents due to the open and active criminal case, the County anticipates that there will likely be a need for an extension of the discovery deadline in the future after the criminal case against Co-Defendant Officer Diaz closes and documents become available for review from the Miami-Dade Sheriff's Office and the Miami-Dade State Attorney's Office.

**CO-DEFENDANT DIAZ'S STATEMENT:** Co-Defendant Officer Diaz concurs with and joins in Miami-Dade County's position, as set forth immediately above and would add that, while Officer Diaz concurs with the deadlines suggested by the Plaintiff, any testimonial discovery sought from Officer Diaz (e.g., deposition, interrogatories) should be delayed until the conclusion of the pending criminal case against him.

**PLAINTIFF'S RESPONSE STATEMENT:** Plaintiff anticipates no issues with Discovery nor need for extensions regarding Discovery and will put forth good faith efforts to expeditiously resolve any discovery disputes. Nonetheless, as evidenced at the May 15, 2025, Status Conference, wherein argument was heard by the Court from all parties, County has ample access to discovery and investigation information in this case, but has not requested that access. *To wit,* Defendant Diaz is represented in the instant federal case by his same counsel in the state criminal case, and that counsel already has the body-worn camera, police report, and other investigation information from the Miami-Dade State Attorney's office that County argued it had no access, while confirming it had not requested any of that discovery from co-defendant's counsel, seated at the Status Conference at the same table as Defendant Diaz' counsel and who had already joined in one of the County's prior filings in the instant case. Further, the body-worn-camera and police report had already been publicly released by the Maimi-Dade State Attorney's Office, and the MDSAO has completed its investigation and charged Diaz three years ago in 2022, and no Discovery request had yet been propounded. As evidenced by Diaz' criminal court record filed into the instant case, Diaz has continued his trial over seven times. The Court entered an Order denying Defendant's motion to extend Stay, including stating it would consider any individual discovery matters if/when they arise.

**(D)** **Proposals for the Formulation and Simplification of Issues, and Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

>The Parties agree to work together in good faith toward simplifying the issues, claims, and defenses at issue in this case during the course of litigation. The Parties anticipate that they will file substantive pretrial or dispositive motions, including motions for summary judgment, if appropriate, in an effort to eliminate or at least narrow the issues for trial.
>
>Miami-Dade County requests the opportunity to file its own motion for summary judgment separate and apart from any such motion Co-Defendant Diaz may want to file.
>
>Co-Defendant Officer Diaz also requests the opportunity to file his own motion for summary judgment if he deems it appropriate.

**(E)   The necessity or desirability of amendments to the pleadings.**

>A Motion to Dismiss by County is currently pending with the Court, filed May 27, 2025 [ECF No. 14], which Plaintiff will oppose. The need for amendments to the pleadings may depend, in part, on the Court's adjudication of the same.

**(F)   Admissions and Stipulations which will avoid unnecessary proof.**

>The Parties will confer in good faith and will work together during discovery to obtain admissions of fact and documents which will avoid unnecessary proof. The Parties further anticipate that they will confer in good faith and stipulate to the authenticity of documents or electronically stored information about which there is no dispute regarding authenticity and will only seek advance rulings from the Court regarding the admissibility of evidence when the Parties cannot agree. There are no advance rulings needed at this time, and the Parties have not stipulated to any facts thus far.

**(G)   Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

>The Parties will strive to avoid presenting unnecessary proof and/or cumulative evidence. The Parties agree that they will seek to stipulate to uncontested facts and other evidentiary matters to obviate certain proofs and agree to work together in good faith toward this goal.

**(H)   Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

   The Parties only consent to the referral of all non-dispositive discovery matters to the magistrate assigned in this case. *See* Joint Consent to Jurisdiction by a U.S. Magistrate Judge, attached hereto as ***Exhibit 2***.

**(I)**  **Preliminary estimate of the time required for trial.**

   At this time, the Parties expect that trial will likely require five days.

   **DEFENDANT COUNTY'S ADDITIONAL STATEMENT:** Depending on what documents are eventually released from the Miami-Dade Sheriff's Office after Officer Diaz's criminal case closes, this estimate may change.

   **CO-DEFENDANT DIAZ'S STATEMENT:** Co-Defendant Officer Diaz concurs with and joins in Miami-Dade County's position, as set forth immediately above and would add that the five-day trial estimate may also change based on what testimony and other evidence is elicited during the trial of the criminal case against him, as the length of that trial would ultimately be a good indicator as to the expected length of the trial of this case.

   **PLAINTIFF'S STATEMENT:** Plaintiff anticipates no changes in the length of the trial. Defendant Diaz was arrested years ago in 2022, and his counsel in his criminal trial is also his same counsel in the instant fed case. The parties have already stated no additional parties are anticipated, and the body-worn camera of Diaz' acts against Plaintiffs has already been publicly released. The MDSAO has completed its investigation and charged Diaz three years ago in 2022. Plaintiff's claims have already been filed and will not be mooted based on any outcome of Diaz' trial, so Plaintiff does not anticipate any additional days beyond a week will be necessary in this action.

**(J)**  **Pretrial Conference and Trial Dates.**

   The Parties propose a final pretrial conference date in accordance with scheduling timelines set forth by the Court based on a standard case management track as described in Local Rule 16.1(a)(2)(B). Specific dates are set forth in ***Exhibit 1***.

**(K)**  **Any issues about:**

   **(i)**  disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

At this time, the Parties anticipate no issues regarding the preservation, disclosure, and discovery of electronically stored information. The Parties will continue discussing whether a confidentiality agreement is warranted in this matter. The Parties do not believe the ESI Checklist is needed in this case.

**DEFENDANT COUNTY'S STATEMENT**: Defendant Miami-Dade County will not be able to retrieve any documents or body-worn camera footage pertaining to this incident from the Miami-Dade Sheriff's Office because Officer Diaz's criminal case remains pending and the internal administrative investigation has yet to commence. As set forth in the County's Motion to Stay, [ECF No. 11], and reiterated at the Status Conference on May 15, 2025, the County cannot engage in meaningful discovery while these investigations are ongoing.

**CO-DEFENDANT DIAZ'S STATEMENT**: Officer Diaz will also not be able to retrieve any documents from the MDSO's Professional Compliance Bureau until after the conclusion of any internal investigation.

In addition, as set forth in Officer Diaz' Motion to Extend the Stay [ECF No. 38] and reiterated at the Status Conference on May 15, 2025, Officer Diaz cannot engage in meaningful discovery while these investigations are ongoing. Moreover, Officer Diaz would argue that any testimonial discovery (e.g., deposition, interrogatories) sought from him in this case should be delayed until the conclusion of the pending, parallel criminal proceedings against him in Miami-Dade County Circuit Court because the underlying factual circumstances are substantially similar in both, the criminal case and this civil case and therefore, any attempt by Officer Diaz to defend himself in this case places him in the position of being forced to testify against himself, in violation of in his right to remain silent in a criminal prosecution under the Fifth Amendment to the United States Constitution.

**PLAINTIFF'S RESPONSE STATEMENT:** As evidenced at the May 15, 2025, Status Conference, wherein argument was heard by the Court from all parties, County has ample access to discovery and investigation information in this case, but has not requested that access. *To wit,* Defendant Diaz is represented in the instant federal case by his same counsel in the state criminal case, and that counsel already has the body-worn camera, police report, and other investigation information from the Miami-Dade State Attorney's

5

    office that County argued it had no access, while confirming it had not requested any of that discovery from co-defendant's counsel, seated at the Status Conference at the same table as Defendant Diaz' counsel and who had already joined in one of the County's prior filings in the instant case. Further, the body-worn-camera and police report had already been publicly released by the Maimi-Dade State Attorney's Office, and the MDSAO has completed its investigation and charged Diaz three years ago in 2022, and no Discovery request had yet been propounded. As evidenced by Diaz' criminal court record filed into the instant case, Diaz has continued his scheduled criminal trial over seven times, and Plaintiff Mr. Ortega has the right not to be subjected to an indefinite and immoderate stay in the instant case due to Diaz' gamesmanship in another proceeding, especially wherein the evidence showed at the Status Conference that Defendant County lulled Mr. Ortega into delaying filing the instant case by stating it would offer a settlement for which Mr. Ortega waited in good faith, only for the County to never offer any settlement.. The Court entered an Order denying Defendant's motion to extend Stay, including stating it would consider any individual discovery matters if/when they arise. The Court denied Defendant's latest motion to extend the Stay after hearing the argument of all parties. [ECF 43].

  **(ii)**  **claims of privilege or of protection as trial-preparation materials, including:**

    **- if the parties agree on a procedure to assert those claims after production**

    **- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

  The Parties agree to abide by Federal Rule of Evidence 502(b) if there is any inadvertent disclosure of privileged material.

  **(iii)**  **whether the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

  This is not relevant to this case at this time.

**(L)**  **Other information that might be helpful to the Court in setting the case for status or pretrial conference.**

The Parties do not require a conference with the Court at this time.

**DEFENDANT COUNTY'S STATEMENT:** If this case proceeds against the County beyond the motion to dismiss stage, Miami-Dade County has concerns as to its ability to defend itself on the merits given the inability to engage in meaningful discovery without the benefit of obtaining all relevant and necessary materials from the investigating authorities. All reports, documents, body-worn camera footage, and information created in connection with the investigation are protected from disclosure while the criminal case against Co-Defendant Diaz remains open and active. The information is specifically exempt from public disclosure laws as long as it is active criminal intelligence information and active criminal investigative information. *See* Fla. Stat. § 119.071(2)(c)(1); *see also White v. City of Fort Lauderdale*, No. 08-60771, 2009 WL 980287, at *3 (S.D. Fla. Apr. 10, 2009) ("Criminal investigation and criminal intelligence information is considered active when it is related to an ongoing investigation which continues with a reasonable, good faith belief anticipation of securing an arrest or prosecution in the foreseeable future, *or while such information is directly related to pending prosecutions and appeals*.") (emphasis added).

Even if the County obtains materials from counsel for Co-Defendant Diaz, as the Court has suggested at the Status Conference, such information is no substitute for having unfettered access to the entire investigative file from the Miami-Dade Sheriff's Office and the Miami-Dade State Attorney's Office. As stated at the Status Conference, the County does not know what it does not have. And so, should any claim against the County survive dismissal, the County will be forced to litigate without the benefit of any meaningful discovery and without being able to fully defend itself. Likewise, Officer Diaz cannot be deposed or respond to interrogatory requests under oath without implicating his Fifth Amendment privilege against self-incrimination. This further hampers the County's ability to defend itself. Without the benefit of the Officer's full account for which the County is now being sued, the County is unable to fully defend itself. For these reasons, Defendants expect requiring extensions of the pretrial deadlines in the future.

**CO-DEFENDANT DIAZ'S STATEMENT:** Co-Defendant Officer Diaz concurs with and joins Miami-Dade County's position, as set forth immediately above and would add that, while Officer Diaz agrees with the deadlines suggested above and below by the Plaintiff, any testimonial discovery sought from him should be delayed until the conclusion of the pending criminal case against him, for the reasons stated above.

**PLAINTIFF'S RESPONSE STATEMENT:** As evidenced in the May 15, 2025, Status Conference, after the Court heard argument from all parties, Defendant County's statement then, and above herein, is wholly and knowingly untrue.  First, the Maimi-Dade State Attorney's Office and Police Department have literally already publicly released the body-worn camera of Defendant Diaz' arrest of Plaintiff Ortega at issue in this case, and the police report, years ago in 2022 when it publicly announced the arrest of Officer Diaz for his arrest of Mr. Ortega at issue in this case. Defendant County cannot meritoriously nor in good faith still contend herein that it doesn't have access to the documents, nor that police department or Miami-Dade State Attorney's Office would not release those documents or body-worn-camera that it has already publicly released.  The County has already confirmed in the Status Conference that it has not requested any of the information it keeps pre-emptively stating it has no access,  including from co-defendant's counsel seated at the Status Conference at the same table as County who possesses the discovery because he represents Officer Diaz in both the 2022 criminal case and instant federal case. Additionally, the Miami-Dade State Attorney's Office has already completed its investigation, having determined that Diaz completed battery and falsification of a police report, charged him, and set the criminal case for trial multiple times, which as evidenced in the instant case has been then continued by Diaz indefinitely through well over seven continuances.  The Court has already heard County's arguments and confirmation that it has not requested any discovery to which it yet  keeps contending it has no access including to publicly released information. Further, there are documents such as use-of-force reports to which County does have access which are part of this case. Moreover, this Court has already stated in its May 19, 2025, Order that it would consider any individual discovery disputes as/if they arise.  And since no discovery has yet been propounded, Plaintiff's blanket untrue discovery statement above also lacks merit. Plaintiff thereby states his reasonable belief that Defendant County anticipates not cooperating in the discovery phase nor acting in good faith after its latest request to extend stay was now denied after multiple extensions were already granted as per the Court's Order entered May 19, 2025. [ECF 43]. There is no basis in law or fact for County to have made the statement above in light of its confirmed lack of request for any discovery when knowing that the body-worn-camera and police report – the items it stated at the Status Conference it would have no access – have already been released to the public and its co-defendant's counsel has confirmed he is in possessions of those items. Defendant Diaz has continued his scheduled criminal trial over seven times.

**(4) Schedule Jointly Proposed by the Parties**

This matter is not yet set for trial, but the Parties suggest a trial date of October 25, 2026. The Parties propose to adhere to the following schedule, presuming the dates comply with the trial date set by the Court:

| | |
|---|---|
| July 7, 2025 | The Parties shall file motions to amend pleadings or join Parties. |
| January 15, 2026 | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| February 15, 2026 | The Defendant shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| March 15, 2026 | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| April 15, 2026 | The Parties shall complete all discovery, including expert discovery. |
| June 15, 2026 ` | The Parties shall file all dispositive pre-trial motions and memoranda of law and shall file all motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or for any another reason |
| September 1, 2026 | The Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The Parties shall also file final proposed jury instructions or conclusions of law (for non-jury trials). |

Dated: May 29, 2025.                                    Respectfully Submitted,

/s/ Rawsi Williams
Rawsi Williams, Esq. R.N.
State Bar No. 103201
RAWSI WILLIAMS LAW GROUP
701 Brickell Ave., STE 1550

9

Miami FL  33131
TEL:  888-RawsiLaw/888-729-7452
Email:rawsi@rawsi.com;
Ajoseph2@rawsi.com;
docservice@rawsi.com
*Lead Attorney for Plaintiff*

/s/ Frank T. Allen
Florida Bar No. 0033464
Frank Allen, Esquire
2582 Maguire Rd.
Ocoee, Florida 34761
Telephone: (407) 481-8103
Email: Allen551@aol.com
*Attorney for Plaintiff*

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney

By: */s/ Jennifer L. Hochstadt*
Jennifer L. Hochstadt
Florida Bar No. 56035
Fabiana Cohen
Florida Bar No. 119732
Assistant County Attorneys
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, FL  33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-mails: jennifer.azar@miamidade.gov;
cohenf@miamidade.gov
*Counsel for Defendants*

/s/ David M. Trontz
David M. Trontz, Esq.
Florida Bar No.: 948111
Donet, McMillan & Trontz, P.A.
100 Almeria Avenue, Suite 230
Coral Gables, Florida USA 33134
Telephone: 305-444-0030
Email: trontz@dmtlaw.com
Email: paralegals@dmtlaw.com
*Attorney for Defendant Diaz*