UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-22523-KMM

KENNY ORTEGA,

     Plaintiff,

v.

MIAMI-DADE COUNTY and
JOSEPH DIAZ, individually,

     Defendants.

_____

**DEFENDANT JOSEPH DIAZ'**
**ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

Defendant, JOSEPH DIAZ (Officer Diaz), by and through his undersigned attorney, files his Answer and Affirmative Defenses to Plaintiff's Complaint, and responds to the correspondingly numbered paragraphs of Plaintiff's Complaint as follows:

## I.    INTRODUCTION/NATURE OF THIS ACTION

This paragraph of Plaintiff's Complaint contains a characterization of this action to which no response is required. However, to the extent that a response is required, Officer Diaz acknowledges that the Complaint purports to allege an action pursuant to 42 U.S.C.§§ 1983 and 1988, etc., and seeks damages in excess

Page **1** of **13**

of $75,000.00. By way of further response, Officer Diaz denies that the Plaintiff is entitled to the relief sought in the Complaint.

## II.  JURISDICTION, VENUE, AND PARTIES

1.    Admitted for jurisdictional purposes only.

2.    Admitted for jurisdictional purposes.

3.    Officer Diaz is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's Complaint and therefore, denies the same and demands strict proof thereof.

4.    Officer Diaz admits that portion of paragraph 4 of Plaintiff's Complaint which alleges that that [at all times material hereto] he was employed by the Miami-Dade County Police Department ("MDCPD"); however Officer Diaz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Plaintiff's Complaint and therefore, denies the same and demands strict proof thereof.

5.    Officer Diaz admits that portion of paragraph 5 of Plaintiff's Complaint which alleges that he is being sued in his individual capacity and that, at all times material hereto, he was a duly appointed and sworn on-duty law enforcement officer of the MDCPD, acting under color of law and within the scope of his employment; however Officer Diaz denies violating the constitutional rights

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

of the Plaintiff and demands strict proof thereof.

      6.    Denied.

## III.   GENERAL FACTS

      7.    Admitted.

      8.    Denied.

      9.    Denied .

      10.    Denied.

      11.    Denied.

      12.    Denied.

      13.    Denied.

      14.    Admitted.

      15.    Admitted.

      16.    Admitted.

## V. CAUSES OF ACTION

## COUNT I:
## FOURTH AMENDMENT: FALSE ARREST/FALSE IMPRISONMENT (42 U.S.C. §1983): DEFENDANT DIAZ

      17.    Officer Diaz realleges, reasserts and reavers his responses to

paragraphs 1 through 16 of Plaintiff's Complaint as though fully set forth herein.

      18.    Denied.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

19.    Denied.

20.    Officer Diaz admits arresting the Plaintiff, but denies the remaining allegations in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21.    Denied.

22.    Officer Diaz admits that he was arrested and charged with battery and official misconduct in connection with Plaintiff's arrest; he also acknowledges that subsequently, the Miami-Dade State Attorney's Office decided to *nolle prosequi* the charges against the Plaintiff in connection with that arrest.

23.    Denied.

24.    Denied.

**WHEREFORE**, Officer Diaz respectfully requests that this Honorable Court dismiss Count I of Plaintiff's Complaint; award him reasonable attorney's fees and costs in accordance with applicable federal and state law, including 42 U.S.C. § 1988; and for all other relief which this Honorable Court finds just and proper.

<u>**COUNT II**</u>
<u>**FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983)**</u>
<u>**DEFENDANT DIAZ**</u>

25.    Officer Diaz realleges, reasserts and reavers his responses to

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

paragraphs 1 through 16 of Plaintiff's Complaint as though fully set forth herein.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Officer Diaz admits that he was arrested and charged with battery in connection with Plaintiff's arrest; he also acknowledges that subsequently, the Miami-Dade State Attorney's Office decided to *nolle prosequi* the charges against the Plaintiff in connection with that arrest.

35.   Denied.

36.   Denied.

**WHEREFORE**, Officer Diaz respectfully requests that this Honorable Court dismiss Count II of Plaintiff's Complaint; award him reasonable attorney's fees and costs in accordance with applicable federal and state law, including 42 U.S.C. § 1988; and for all other relief which this Honorable Court finds just and

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

proper.

## COUNT III
## MONELL CLAIM: CIVIL RIGHTS VIOLATIONS
## MIAMI-DADE COUNTY

37.     This count is directed at another defendant, not Officer Diaz; accordingly, no responses by Officer Diaz to the allegations set forth in paragraphs 37 through 54 of Count III of Plaintiff's Complaint are required. However, to the extent that a response is required, Officer Diaz denies the allegations set forth in paragraphs 37 through 54 of Plaintiff's Complaint, demands strict proof thereof, and denies that the Plaintiff is entitled to the relief sought in the Complaint.

## STATE CLAIMS

## COUNT IV: RESPONDEAT SUPERIOR
## DEFENDANT MIAMI DADE COUNTY

55.     This count is directed at another defendant, not Officer Diaz; accordingly, no responses by Officer Diaz to the allegations set forth in paragraphs 55 through 61 of Count IV of Plaintiff's Complaint are required. However, to the extent that a response is required, Officer Diaz denies the allegations set forth in paragraphs 55 through 61 of Plaintiff's Complaint, demands strict proof thereof, and denies that the Plaintiff is entitled to the relief sought in the Complaint.

[Continued on next page]

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

## COUNT V: BATTERY
## DEFENDANT DIAZ

62.     Officer Diaz realleges, reasserts and reavers his responses to

paragraphs 1 through 16 of Plaintiff's Complaint as though fully set forth herein.

63.     Admitted.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Officer Diaz acknowledges that, subsequent to his arrest of the

Plaintiff, the Miami-Dade State Attorney's Office decided to *nolle prosequi* the

charges against the Plaintiff in connection with that arrest.

68.     Denied.

**WHEREFORE**, Officer Diaz respectfully requests that this Honorable

Court dismiss Count II of Plaintiff's Complaint; award him reasonable attorney's

fees and costs in accordance with applicable federal and state law, including

42 U.S.C. § 1988; and for all other relief which this Honorable Court finds just and

proper.

## V.

## ATTORNEY'S FEES

69.     This paragraph of Plaintiff's Complaint is misnumbered as "V." and

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

"65." Officer Diaz denies that Plaintiff is entitled to any attorney's fees in connection with this action.

## VI.
## JURY DEMAND

70.     This paragraph of Plaintiff's Complaint is misnumbered as "VI." and "66" and does not require a response from Officer Diaz.

## PRAYER FOR RELIEF

**WHEREFORE**, Officer Diaz respectfully requests that the Plaintiff takes nothing by way of the Complaint; that Officer Diaz be granted judgment in his favor dismissing the Complaint; that this Honorable Court award him reasonable attorney's fees and costs in accordance with applicable federal and state law, including 42 U.S.C. § 1988; and such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

71.     Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure due to the fact that, at all times relevant to this action, Officer Diaz was acting as a sworn on-duty law enforcement officer of the MDCPD, acting under color of law and within the scope of his employment.

72.     Plaintiff's damages, if any, were the result, either in whole or in part,

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

of the negligence or wrongdoing of the Plaintiff; therefore, Plaintiff's claims are barred or reducible to the full extent thereof.

73.    Plaintiff's damages, if any, are barred or reducible in each instance that Plaintiff failed to mitigate damages.

74.    Plaintiff could lawfully be seized and arrested based on the existence of probable cause that he violated the law. Any claim based on an arrest or seizure itself is therefore barred.

75.    Plaintiff's alleged injuries and damages, if any, were caused by either a pre-existing condition(s) or injury(ies), and/or by actions of others, or events separate, distinct, unrelated and remote to any action or inaction of Officer Diaz. As such, Officer Diaz is absolved from any responsibility or liability for such damages or injuries, and Plaintiff's recovery should be reduced accordingly.

76.    Plaintiff is barred by Section 768.36, of the Florida Statutes from recovering any damages because he was under the influence and more than fifty percent at fault for any harm.

77.    Any force used against Plaintiff was justified and reasonable.

78.    Officer Diaz is entitled to qualified immunity because his actions were objectively reasonable and within the scope of his discretionary authority as a police officer.

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

79.     Officer Diaz is entitled to qualified immunity because he did not violate Plaintiff's constitutional rights.

80.     Officer Diaz is entitled to qualified immunity because he never violated any clearly established rights belonging to Plaintiff.

81.     Officer Diaz is entitled to qualified immunity because there was probable cause or arguable probable cause to stop, seize, and/or arrest the Plaintiff.

82.     Any alleged use of force was authorized by Florida law, including but not limited to Sections 776.012 and 776.032 of the Florida Statutes and Officer Diaz could reasonably rely on such statutory authority.

83.     Officer Diaz is immune from suit because he acted within the scope of his employment and did not act in bad faith, maliciously, and with willful and wanton disregard to Plaintiff's rights, safety, or property.

84.     The force used against the Plaintiff was not clearly excessive, thereby barring Plaintiff's claim for excessive force.

85.     To the extent that the Plaintiff suffered any injuries as a result of facts alleged in the Complaint, Officer Diaz is not the proximate cause of those injuries.

86.     Officer Diaz is entitled to a setoff for all insurance, government benefits, or other proceeds received by or paid on behalf of the Plaintiff from any third parties for any alleged injuries or alleged damages, as well as for the costs

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

incurred by Officer Diaz in this federal proceeding.

87.     Officer Diaz further denies each and every other allegation in Plaintiff's Complaint not specifically admitted above and demands strict proof thereof.

## RESERVATION OF RIGHTS

88.     Officer Diaz reserves the right to amend and supplement his Affirmative Defenses and assert additional defenses to Plaintiff's Complaint that may later be developed through discovery in the litigation of this matter.

## DEMAND FOR JURY TRIAL

89.     Officer Diaz, by and through his undersigned counsel, hereby demands trial by jury on all issues so triable as a matter of right and law.

**WHEREFORE**, having fully answered and asserted his affirmative defenses, Officer Diaz respectfully requests that the Plaintiff take nothing by way of the Complaint; that Officer Diaz be granted judgment in his favor dismissing the Complaint; that Officer Diaz be awarded reasonable attorney's fees and costs in

[Continued on next page]

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

accordance with applicable federal and state law, including 42 U.S.C. § 1988; and

such further relief as the Court deems just and proper, for the foregoing reasons.

**DATED:**  June 3, 2025.

Respectfully submitted,

**Donet, McMillan & Trontz, P.A.**

By: _/s/ David M. Trontz_____
**David M. Trontz, Esq.**
Florida Bar No.: 948111
Attorney for Defendant, Joseph Diaz

[Certificate of Service on next page]

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 3, 2025, undersigned counsel electronically filed the foregoing **Defendant Joseph Diaz' Answer, Affirmative Defenses And Demand For Jury Trial** with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing (NEF) to all counsel of record registered therein.

**Donet, McMillan & Trontz, P.A.**

By: /s/ David M. Trontz
**David M. Trontz, Esq.**
Florida Bar No.: 948111
Attorney for Defendant, Joseph Diaz
100 Almeria Avenue, Suite 230
Coral Gables, Florida 33134
Telephone: 305-444-0030
Email: trontz@dmtlaw.com
Email: paralegals@dmtlaw.com

**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, FL 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com