UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL CASE NO. 1:24-cv-22523-MOORE/Elfenbein

| | |
|---|---|
| **KENNY ORTEGA,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **MIAMI-DADE COUNTY,** a Political Subdivision in the State of Florida, and **JOSEPH DIAZ,** in his individual capacity, | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION WITH INCORPORATED MEMORANDUM OF LAW TO DEFENDANT MIAMI-DADE COUNTY'S MOTION TO DISMISS COMPLAINT**

**COMES NOW Plaintiff, KENNY ORTEGA,** by and through its undersigned attorneys, and files this *Opposition With Incorporated Memorandum of Law to Defendant Miami-Dade County's Motion To Dismiss Complaint.* Defendant Diaz did not file a Motion To Dismiss ("MTD") but instead filed his Answer. County failed to meet its burden as the moving party. In support:[1]

### ARGUMENT WITH INCORPORATED MEMORANDUM OF LAW
### A. INTRODUCTION[2]

In his Complaint, Mr. Ortega plead a total of five claims. Two claims were against County: Count III federal Monell claim and Count IV state law Respondeat Superior claim also plead in the alternative pursuant to F. R. Civ. Proc. 8(d).

---

[1] Due to ongoing technical and internet difficulties precluding filing of Plaintiff's Opposition on 06/10/25, Plaintiff was unable to file his Opposition until today. Plaintiff informed counsel for Defendant, who did not communicate any opposition. In the interests of judicial economy because Plaintiff earnestly believed the issue would be resolved, no Motion For Leave to File Out Of Time was filed. Nonetheless, County has on today informed Plaintiff that it opposes the filing of the Opposition as untimely, so Plaintiff thereby contemporaneously files his Motion For Leave To File Out of Time.

[2] For the Court's convenience, Plaintiff Mr. Ortega's Arguments are labeled commensurately to Defendant County's labeled sections in its MTD.

1

In its MTD, County enumerated two arguments: 1) Count III (Monell Claim) Fails to State A Claim for Municipal Liability; and 2) Count IV Must Be Dismissed Because it is a Shotgun Pleading and the County is Entitled to Sovereign Immunity. 2A) Count IV (Respondeat Superior) must be dismissed as a shotgun pleading.

County's arguments are replete with multiple pages of cited non-analogous case law, misconstruction of case law, and revision or omission of material facts plead by Mr. Ortega in attempt to make its cited case law favorable to County. Respectfully to this Court, County failed its burden as the moving party to demonstrate that Plaintiff failed to sufficiently plead genuine issues of material fact placing County on fair notice of the claims against it, that his claims don't entitle him to relief, and that a jury could not find for Mr. Ortega against County, when taken in the light most favorable to Plaintiff. County's MTD should be denied.

### B. STANDARD OF REVIEW.

Under well-settled case law and Fed. R. Civ. Proc 8(a)(2), a District Court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Fed. R. Civ. Proc. 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Id*. at 41, 47, overruled on other grounds, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When deciding Rule 12(b)(6) motions, the Court must consider the complaint in its entirety. *Tellabs, Inc. v. Makar Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007).

In ruling on a MTD, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to Plaintiff. *SEC v. ESM Group, Inc*., 835 F.2d 270, 272 (11th Cir.1988), and limit its consideration to the pleadings and any attached exhibits. FED. R. CIV. P. 10(c); *GSW, Inc. v. Long County, Ga*., 999 F.2d 1508, 1510 (11th Cir. 1993). The burden

2

of proof that Plaintiff did not meet the low bar stated above lies in the party moving to dismiss the Complaint. The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Here in the instant case, the moving party is Defendant County. When taken in the light most favorable to the non-moving party Mr. Ortega, the County failed its burden to show and identify the specific portions of Plaintiff's Complaint demonstrating absence of genuine issues of material facts, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); evidencing "beyond doubt that Mr. Ortega can prove no set of facts in support of his claim against County which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); or that Mr. Ortega failed to plead a Complaint which places County on fair notice of the claims against County, Fed. R. Civ. Proc. 8(a)(2), *Conley v. Gibson*, 355 U.S. 41, 45, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). emphasis added.

Mr. Ortega sufficiently plead facts in his two claims against County to entitle him to relief from County on both claims. He factually plead, *inter alia*, County's liability under his federal *Monell* claim [**Compl. at 7:37-54**][3] for its clearly established constitutional deprivations, deliberate indifference, and/or reckless disregard of the citizenry and Mr. Ortega's clearly established constitutional rights of which County was on notice, and breach of its duty of care  The pleading standard of Leatherman still applies today, even in the face of Twombly Iqbal.  As recently as November 10, 2014, the U.S. Supreme Court unanimously upheld the standard put forth in Leatherman specifically for cases revolving around civil rights violations    See  Johnson v. City of Shelby, Miss*.*, 135 S.Ct. 346 (2014); see also  Randall v. Scott*,* 610 F.3d 701, 710 (11th Cir.

---

[3] Mr. Ortega cites to his Complaint as Complaint:PageNumber:paragraphnumber, e.g., [Compl. at 1:2], and County's MTD as MTD:PageNumber:ParagraphNumber, e.g., [MTD at 1:2].

2010)(There is no longer a "heightened pleading standard" in cases "governed by Rule 8(a)(2) including civil rights cases under section 1983").

In Leatherman, the Supreme Court held, plaintiff's municipal liability claim was sufficient were it alleged that violations resulted from "a custom or policy of failure of the city to adequately train its officers". See also Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467 (7th Cir. 1997) (Court erred in dismissing complaint against municipality where it was alleged city had policy of allowing officers to operate "without adequate training or supervision"). Per Defendants' MTD, Defendant seeks to hold Plaintiff to a "heightened pleading" standard in direct contradiction to U.S. Supreme Court's rulings and holdings. Here, the Plaintiff alleged the precise allegations set forth in Leatherman, Johnson and Lanigan, supra as to Defendant (County) and much more.

In addition to his own case, he plead seven other cases of County's officers indicted and/or pleading guilty to excessive force and falsifying police report prior to his arrest – the same acts of Diaz against Mr. Ortega – because each example included multiple cases because each officer was charged separately. County violated its duty to the citizenry and Mr. Ortega not to deprive their constitutional rights. [**Compl. at 10:Footnote**]. Mr. Ortega clearly plead that County had a custom, pattern, policy, and wide pattern of these clearly established constitutional deprivations of which its final decision makers were on notice, and that Couty caused those deprivations. As shown herein, well-settled case law holds that County is liable under Monell. And, despite County's argument, Plaintiff is not required to plead the names of specific policies in his Complaint. See Johnson v. City of Shelby, Miss., 135 S.Ct. 346 (2014); see also Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010)(There is no longer a "heightened pleading standard" in cases "governed by Rule 8(a)(2) including civil rights cases under section 1983").

County's on duty sworn law enforcement officer Defendant Joseph Diaz, acting under color of law and within the scope and course of his employment for County at all times material hereto,

4

deprived Mr. Ortega's clearly established constitutional and state rights to be free from battery and excessive force, based on and caused by County's known, deliberate indifference, and/or reckless disregard to its practice, pattern, custom, written and unwritten policies (collectively "policy") of battery and excessive force against the citizenry and Mr. Ortega specifically. County, all the way to its final decision and policy makers, built and ratified that policy with and for its officers. . . [**Compl. at 10:Footnote; Count III**].

County was deliberately indifferent, negligent, reckless, and/or intentional in its constitutional deprivations against the citizenry and Mr. Ortega caused by its policy and breach of its duty of care to the citizenry and Mr. Ortega, and it caused, permitted, and/or ratified its Officers to commit those deprivations against the citizenry and Mr. Ortega based on and due to County's policy. Plaintiff plead these facts. [**Compl. at 2:4; 7:37-54; 3:7-16; 4:17-24; 5:25-36; 15:62-68**].

Diaz' stop of Mr. Ortega was unlawful. Diaz' battery of Mr. Ortega was unlawful. Diaz lacked probable cause or arguable probable. Diaz' detention, seizure, arrest, and imprisonment of Mr. Ortega were unlawful. Diaz' falsification of his police report against Mr. Ortega was unlawful. Diaz' acts against Mr. Ortega were all also constitutional deprivations of Mr. Ortega's clearly established constitutional rights of which both County and Diaz were on notice, and caused by County's policy, failure to discipline its officers including Diaz, ratification of these constitutional violations, and policies creating these violations. County is liable to Mr. Ortega under *Monell*, and Respondeat Superior under §F.S. 768.28, as further shown herein. [*Id.*]

County's policies and breach of its duty of care are the root cause of Diaz' deprivations under Count III making County liable, [**Compl. at 2:4; 7:37-54**; **3:7-16; 4:17-24; 5:25-36; 15:62-68**]. The question at this stage for the Court to decide is not whether PLAINTIFFS will prevail, but simply if the Complaint is sufficient to cross the federal court's threshold. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted.)

When taken in the light most favorable to Plaintiff, Mr. Ortega sufficiently factually plead his claims against County for this case to proceed, including genuine issues of material fact. County is on fair notice of his claims against it. County understands, can Answer, and can file its defense to those claims. An objective jury can reasonably find Plaintiff is entitled to relief against County.

County failed its burden to prove and demonstrate any absence of genuine disputed material facts or that no set of facts were plead in which Mr. Ortega is entitled to relief against County. The burden of proof belonged solely to County. The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). The court must consider all the evidence in a light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983).

Therefore, County as the moving party overwhelmingly failed its burden to demonstrate that its MTD should be granted under the federal rules of civil procedure and well-settled federal and state case law. County's MTD should be denied, and it ordered to file its Answer within 10 days.

### I. COUNTY FAILED TO PROVE THAT "*COUNT III FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY*" [MTD at 3]. (Monell Claim)

Defendant made three arguments, not supported by its cited case law nor the facts.

**First**, County argued Plaintiff did "not sufficiently allege" his "constitutional rights were violated *because of* an official policy or unofficial custom under Monell. "[**MTD at 3:3**].

Based on its omission of material facts plead by Mr. Ortega, County then misapplied and misconstrued the cases to which it cited for its own support in its MTD. County first cited *Lozman v. City of Riviera Beach*, 585 U.S. 87, 95 (2018) (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)) to show that the alleged only way to hold it liable is if the facts plead showed the action against Mr. Ortega were "*because of* an official policy or unofficial custom of" County. [*Id.*]. It further wrongfully argued that it cannot be liable under Respondeat Superior, misconstruing *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 819 (11th Cir. 2017). [*Id.*].

6

Here in the instant case, County omitted many material facts plead by Mr. Ortega clearly showing County's argument to be untrue. Mr. Ortega's Complaint evidences his sufficient factual pleadings of *County's c*ausation of the deprivations of clearly established constitutional rights to the citizenry and himself specifically, of which County was on notice. His pleadings included County's known and deliberate indifference and reckless regard to its unconstitutional policy, practice, and patterns in which <u>it</u> engaged and <u>permitted</u> its officers to engage <u>based on its custom</u> in deprivation of the clearly established constitutional rights of the citizenry and Mr. Ortega specifically. [**Compl. at 9:45-46; 51-54; 47; Count III 7:37-54**]. He also plead multiple examples of the same acts and claims of false arrest/imprisonment, excessive force, battery, and falsification of police reports, committed against him. [**Compl. at 10:Footnote**].

County conflated the non-analogous *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 819 (11th Cir. 2017) which focused on <u>Monell claim liability</u>, to wrongfully support its argument that it cannot be liable under Respondeat Superior. [**MTD at 3:3**]. *Knight* never held that a municipality cannot be liable under Respondeat Superior. It explained that a municipality cannot in a <u>Monell claim</u> be held liable under Respondent Superior. Mr. Ortega never plead Respondeat Superior in his Monell claim. His Respondeat Superior claim is a totally separate state law claim.

*Knight* is not about the MTD stage of a case or lack of probable cause to arrest as in the instant case. It is also not an appeal centered on Respondent Superior. Rather, *Knight* is an appeal of a post-verdict case centered around six distinct arguments of contested trial matters and the granting of summary judgment to multiple Defendants. The Appellate Court's analysis centered specifically around the *facts* <u>of the case that led to the appealed six issues</u> to determine its ruling.

In *Knight*, the facts analyzed by the 11th Circuit were that police commenced a traffic stop of a SUV containing multiple passengers and fatally shot all of the occupants except one. The officers commenced the traffic stop because the driver ran a red light. The driver initially refused

7

to stop his vehicle as ordered by police. Once the driver stopped, he then accelerated his SUV backward after the officers approached the vehicle, almost hitting an officer.  Officers opened fire. The one person who survived gave inconsistent statements under oath. Mr. Knight's estate brought a §1983 claim against the officers and County.  It was determined that the traffic stop and use of force were lawful based on the facts of that case, and that probable cause existed.

<u>None</u> of those facts occurred or were plead in the instant case.  Mr. Ortega was an unlawfully stopped pedestrian in his residential neighborhood unlawfully detained, seized, arrested, imprisoned, battered, and the victim of excessive force and a false police report by County's Diaz. Diaz lacked probable cause or arguable probable cause.  Mr. Ortega had not committed a crime. Charges against him were dropped.  [**Compl. at 3:7-16**].

Further, the District Court in *Knight* did ***not*** dismiss Knight's state battery claim plead against Defendant officers *and Miami-Dade County* under F.S. §768.28.  Plaintiffs specifically plead the County's liability based on the "wrongful acts of its employees and agents acting within the course and scope of their employment and agency," i.e., Respondent Superior. County sought dismissal of those state claims under 12(b)(6) and sovereign immunity.  The state claims proceeded all the way to verdict. [**FLSD Case 1:09-cv-23462-EGT, ECF 1, Count 5 at 31:102**].

In *Knight*, Plaintiffs served Defendants a <u>Florida Statute §768,28</u> notice, wherein under Florida, "In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby <u>waives sovereign immunity for liability</u> for torts." The statute explains that the waiver includes "counties and municipalities." <u>*Id.* at (2)</u>.

Here in the instant case, Mr. Ortega also served that §768.28 notice on County as required and waited the required time prior to filing his suit.  Not only did County's counsel admit at the Status Hearing held May 16, 2025, in the instant case that Mr. Ortega served County the required pre-suit notice, but Mr. Ortega plead he met all conditions precedent. [**Compl. at 3:6**]. County is

8

not immune from suit under Respondeat Superior. County is liable to Mr. Ortega.

**Second**, Defendant <u>misconstrued</u> the Court's ruling in *Knight* as stating municipalities are not liable under Respondeat Superior, because County only cited part of the paragraph, omitting relevant part. *Knight* did <u>not</u> hold that municipalities cannot be liable under Respondeat Superior.

Rather, the Appellate Court stated municipalities can't be held liable for plead <u>*Monell* constitutional claims</u> under Respondeat Superior, because vicarious liability does not exist under *Monell claims* in the omitted sentences of that same paragraph cited by Defendant in *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 819 (11th Cir. 2017). County conflated Florida law-allowed and waiver of sovereign immunity in Respondent Superior state claims under <u>F.S. §768.28</u> with federal *Monell*.  It is *res ipsa loquitor* that Florida law itself holds that municipalities can be liable for the acts of their employees as evidenced herein in <u>F.S. §768.28</u>. The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held," *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).   A municipality may be held liable for the actions of a police officer when its official policy caused a constitutional violation, *Gold v. City of Miami*, 151 F.3d, 1346, 1350 (11th Cir. 1998).

Here in the instant case, Plaintiff never plead Respondeat Superior in his *Monell* claim constitutional claim against County.  Plaintiff plead a separate Monell claim against County in Count III for federal constitutional claims [**Compl. at 7:37; 10:Footnote**], and a separate Respondat Superior claim against Defendant in Count IV for state battery. [**Compl. at 14:55**]. Plaintiff did not just allege that County's employees committed these deprivations under color of law, but that County was on notice and caused, ratified, and permitted its employees to commit these clearly established constitutional deprivations and breach of duty of care through its customs, policy, patterns, practices, deliberate indifference, intentional acts, policy and decision making, and reckless disregard.  [*Id.*]    County's MTD  Counts III and IV is not supported by *Knight*.

**Third**, Defendant argued that Plaintiff's Monell claim must be dismissed because it alleged only two methods existed by which to establish municipal liability: "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003). [**MTD at 4:2**]. Defendant stated that Plaintiff failed to allege a specific policy, and falsely argued that Plaintiff allegedly "conceded" or "admitted" that County had no official policy by arguing that Plaintiff plead that County has a "custom and unwritten policy" of deliberate indifference. [*Id.*] Defendant is wrong. Neither concessions or admissions are legally defined in the manner contrived by Defendant County. Plaintiff did not file a Verified Complaint, and Plaintiff is not required to argue his entire case in his Complaint as already argued herein.

Here in the instant case, Plaintiff never conceded or admitted that County does not also have written or promulgated policies evidencing its custom, pattern, practice, official policies, deliberate indifference, intentional acts, and/or reckless disregard to the violations of the clearly established constitutional rights of its citizenry and Mr. Ortega. [**Entire Compl. at paragraphs 1-66**]. Plaintiff is not required to plead the actual names or titles of Defendant's policies at this stage of the pleadings. See Johnson v. City of Shelby, Miss., 135 S.Ct. 346 (2014); see also Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010)(There is no longer a "heightened pleading standard" in cases "governed by Rule 8(a)(2) including civil rights cases under section 1983").

The question at this stage for the Court to decide is not whether Plaintiffs will prevail, but simply if the Complaint is sufficient to cross the federal court's threshold. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted.) The threshold sufficiency to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). The court must consider all the evidence in a light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983).

10

Even in *Knight*, the District Court <u>denied</u> County's MTD to dismiss the Respondeat Superior/state law battery claims, and the 11th Circuit affirmed. The District Court in its Order determined that the Plaintiffs **<u>did</u>** sufficiently plead a Monell claim where the Plaintiffs did not list specific policies. Those Plaintiffs claimed that County failed to "direct" its police officers; "ratified and approved" the constitutional deprivations of its officers; "failed to discipline;" and "failed to properly train." Not one specific policy was named by those Plaintiff's, but the District Court found the pleadings to be sufficient to plead Monell. The 11th Circuit affirmed.

Therefore, County failed to demonstrate and prove its MTD burden that it has sovereign immunity or no municipal liability to Mr. Ortega under his Count III Monell claim, and that Mr. Ortega is not entitled to relief from County under Count III. Mr. Ortega sufficiently plead his Monell claim against County wherein genuine issues of material fact exist, and a jury can find that County is liable to Mr. Ortega under *Monell*. County's MTD should be denied.[4]

### A. <u>County failed to prove that "*the allegations advanced in support of Count III run afoul of Twombly and Iqbal.*" **[MTD a 4]**.</u>

County next argued that Plaintiff failed to meet required pleading standards under *Twombly* and *Iqbal*. **[MTD at 4]**. For support, County cited that a plaintiff satisfies the "unofficial custom or practice" theory in *Monell* by alleging "a persistent and widespread practice" and "government's actual or constructive notice of that practice." *Khoury v. Miami-Dade Cty. Sch. Bd.*, 4 F.4th 1118, 1131 (11th Cir. 2021) (cleaned up). [**MTD at 4:3**]. County proceeded to cite a multitude of case law and portions of Mr. Ortega's Complaint, wherein it repeatedly omitted relevant plead facts and case examples of County's exact same clearly established constitutional deprivations against

---

[4] County subsequently proceeded with three separate subsections under its #1/Count III Monell claim argument which are duplicative re-arguing its same argument that not enough facts or case examples were plead by Plaintiff to meet a Monell claim. The sections are just titled differently. Accordingly, for judicial expediency and not to have to seek leave to exceed page limits, Plaintiff will at times state "as already (shown/evidence/argued/cited) herein to prevent having to re-state the same arguments and cases, because the arguments overlap and repeat in the MTD.

11

the citizenry as it did to Mr. Ortega, in attempt to disguise and deny County's visible and known wide-spread pattern of clearly established constitutional violations of the citizenry and Mr. Ortega.

For example, multiples times County falsely argued that Mr. Ortega only stated conclusions but gave no examples of constitutional violations. [**MTD at 5:2 – 7:1**].

Yet, here in the instant case as evidenced in Mr. Ortega's Complaint, he gave examples of seven of County's officers convicted and/or pleading guilty for excessive force, battery, and falsifications of police reports, which Defendants also committed against him. These deprivations occurred in the recent years prior to Defendants' deprivations against Mr. Ortega, committed by different officers in different locations in different years at varying times, but still the same clearly established constitutional deprivations, for which County ratified and approved, and failed to discipline or cure. These deprivations are plead sufficient facts to show County's wide spread pattern and policy because the notice, knowledge, and failure to act, and causation of/by the final decision makers were also plead. [**Compl. at 10:Footnote; Count III 7:37-54**]. County just conveniently omitted these facts from its MTD.

County's own cited case law states there must be an "absence" of "any facts" supporting the Monell claim, or pleading facts without giving any details or predicate. [**MTD at 7:2**]. Such "absence" or lack of details, is not true of Plaintiff's Complaint. County just conveniently omitted the plead facts. The court must consider all the evidence in a light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983). Plaintiff's Complaint meets *Twombly* because his factual allegations are more than enough in his Count III Monell claim to raise a right to relief to more than a speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1995 (2007). The Court must view the Complaint's allegations in the light most favorable to Plaintiff and accept its allegations as true. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984). The moving party bears the initial responsibility of stating the basis for its motions and identifying

those portions of the record which demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Therefore, County failed to demonstrate and prove its MTD burden that Mr. Ortega failed to sufficiently plead Count III Monell liability against County. Mr. Ortega sufficiently plead his Monell claim against County wherein genuine issues of material fact exist, and a jury can find that County is liable to Mr. Ortega under Monell. County's MTD should be denied.

B. **County failed its burden to prove that "*Plaintiff's reliance on his own experience is insufficient to prove a Monell claim.*"   [MTD at 7]**.
                                           **And**
C.  **County failed its burden to prove that "*The Three other incidences are insufficient to establish municipal liability.*"  [MTD at 9]**.

Because County contextually made repeat arguments repeatedly in the content of its subsections, Plaintiff combined County's subsections B and C for judicial expediency.

County incorrectly argued that 1) Mr. Ortega only relied on Diaz' arrest of him for his Monell claim and 2) only gave examples of three incidences of County's constitutional deprivations which is an alleged insufficient number to plead a Monell claim. Both of County's assertions are false.

Here in the instant case, as already shown by Plaintiff herein, Mr. Ortega cited to and relied on multiple examples of the same types of constitutional deprivations by County occurring over a period of recent years prior to his arrest, in different years, neighborhoods, times of day, officers, citizens. [**Compl. at 10:Footnote; Count III 7:37-54**].

County argued that Mr. Ortega "broke up" the facts of the arrest of Mr. Ortega in attempt to meet the Monell claim, is disingenuous, at best. [**MTD at 7:3**]. The alternative would have been to lump all the facts into a compound paragraph, wherein County would then have moved to dismiss that the Complaint was full of compound allegations. County failed its MTD burden. There is no place in Plaintiff's Complaint where he only relies on his arrest to plead his Monell claim.

The paragraphs to which County refers are actually correct pleadings of Monell claims,

13

showing that County has committed these constitutional deprivations against the citizenry and Mr. Ortega. County's own citations to Plaintiff's Complaint disavows its argument.

County proceeded disingenuously arguing "Perhaps in recognition of the paucity of his factual allegations, Plaintiff advanced a footnote summarizing three incidents…" [**MTD at 9:1**]. Surely Count's use of the word "paucity" was an error or lack of understanding of the definition of paucity in this case where County's **employee Defendant Officer Diaz** was **literally criminally charged** by the Miami-Dade State Attorney's Office with at least one **felony** for his arrest of Mr. Ortega, and all the **charges against Mr. Ortega were dropped**. To that point, Diaz has continued his scheduled criminal trial over seven times for his unlawful acts against Mr. Ortega, and County itself has adamantly moved to stay and extend the stay in the instant civil case multiple times. County knows Mr. Ortega's case is not weak nor fallible. That is also why County lured and lulled Mr. Ortega into believing it was going to settle with him, hoping he would miss the statute of limitations to file this case. County knows it is liable.

Here in the instant case, Mr. Ortega plead constitutional violations of false arrest/imprisonment, and excessive force, to include falsification of the police report against him, pleading under Monell that County engages and has a policy, custom, pattern, and/or practice of such constitutional deprivations. EACH and ALL case examples to which he cited are those wherein County's on duty officers acting within the course and scope of their employment under color of law were arrested, indicted, charged, convicted, and/or plead guilty for excessive force, battery, and/or falsification of a police report. [**Compl. at 10:Footnote; Count III 7:37-54**]. Mr. Ortega plead that Diaz falsified his police report against Mr. Ortega to unlawfully bolster Diaz' arrest of Mr. Ortega. In the constitutional deprivations he cited by the at least seven officers from 2016-2019, wherein Defendants' acts giving rise to the instant case occurred against Mr. Ortega in 2020, multiple of those officers employed and on duty for/by County, were indicted and/or plead guilty

14

to falsifying police reports. He plead a claim of excessive force. Multiple of County's officers in the examples committed and were charged and/or indicted for excessive force. [**Compl. at 10:Footnote; Count III 7:37-54**].

County then wrongfully applied and misconstrued the 2009 Fifth Circuit case of *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009) (quoting Webster v. City of Houston, 735 F.2d 838, 842 (5th Cir.1984) (en banc)) in support of its argument. [**MTD at 10:2**].

County argued that the Court in *Peterson* did not find 27 internal complaints of excessive force to exhibit a pattern. [*Id*.]. However, County failed to apply all of the sentences of its citation. The Court in Peterson did not find 27 Internal Affairs investigations to be a sufficient pattern under Monell in that particular case where that Plaintiff not only failed to plead actual knowledge or notice of the municipality final decision makers under Monell, but also did not sue any of the officers committing the acts for liability explaining that Respondeat Superior is inapplicable in the **Monell claim itself**, not that Respondeat Superior cannot apply to municipalities.

Official policy establishes culpability, and can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id. at 579* (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). The ratification or acquiescence of the final decision authority evidences official policy. A policy or custom is official only "when it results from the decision or acquiescence of the municipal officer or body with `final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). [**Compl. at 10:Footnote; Count III 7:37-54**].

Here in the instant case, every one of County's officers plead by Mr. Ortega were arrested, indicted, convicted, and/or plead guilty to excessive force and/or falsification of police reports,

just as its Officer Diaz subsequently committed against Mr. Ortega. Mr. Ortega plead County's final decision and policy makers were on notice prior to Diaz' acts against Mr. Ortega.  Its on duty officers were no longer able to work their schedules for County because they had been arrested, indicted, or convicted. The constitutional deprivations under the Monell claim were caused by County's policy, pattern, custom, and/or practice of engaging in those deprivations and deliberate indifference to those deprivations caused by its policy.  Our precedent has limited the theory of ratification to "extreme factual situations." *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998).  Multiple officers in one police department committing and being **arrested, indicted, convicted, and pleading** guilty for the same constitutional deprivations in a period of four years and are definitely extreme enough to show ratification.

    The failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of novices in law enforcement. *Brown v. Bryan Co., Okla*., 219 F.3d 450, 458 (5th Cir. 2000).  Peterson need only present sufficient evidence to show there is a dispute of fact regarding the City police department's policy on use of force "that a reasonable jury could return a verdict for the nonmoving party."  Petersen citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

    Therefore, Defendant County as the moving party overwhelmingly failed its burden to demonstrate that its MTD should be granted for Plaintiff's Count III Monell claim.  County's MTD should be denied, and it ordered to file its Answer within 10 days.

    **COUNT II:  *County failed its burden to prove "Count IV Must Be Dismissed Because it is a Shotgun Pleading and the County is Entitled to Sovereign Immunity."*  [MTD at 11].**

A. **Count IV is *not* a shotgun pleading**. **[MTD at 12]**.
B. **Miami-Dade County is *not* entitled to sovereign immunity on Count IV**. **[MTD at 14]**.

For judicial expediency, Plaintiff addresses County's entire second argrument to include subsections herein.  Plaintiff's Count IV Respondeat Superior claim is labeled as a State Claim in his

16

Complaint. [**Compl. a 14:55**].

Under well-settled Florida Statute ("F.S.") §768.28, County waives sovereign immunity and is liable for the wrongful and/or negligent acts of its employees under Respondent Superior.

In *Knight*, the District Court did **not** dismiss Knight's state battery claim plead against Defendant officers **and Miami-Dade County** under F.S. §768.28. Plaintiffs specifically plead the County's liability based on the "wrongful acts of its employees and agents acting within the course and scope of their employment and agency," i.e., a theory of Respondent Superior.

Those Plaintiffs served Defendants a F.S. §768.28 notice, "In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts." The waiver includes "counties and municipalities." *Id*.

Here in the instant case, Mr. Ortega served that §768.28 notice and waited the required time prior to filing his suit. He plead he met all conditions precedent. [**Compl. at 3:6**]. County is not immune from suit under Respondeat Superior. County is liable to Mr. Ortega for Diaz' actions, which were foreseeable consequences of County's constitutional deprivations.

Plaintiff's Complaint is not a shotgun pleading. He sufficiently plead enough facts to place County on fair notice of the two claims against it. In Plaintiff's state law claims, there is only one other claim beyond Respondeat Superior which is battery against County's employee Diaz. County without credibility alleges it has no knowledge for Count IV of which state claims allege the wrongful acts of its employee. [**MTD at 12:2**].

County cites to the Eleventh Circuit urging Courts to "whittle cases down to the few triable claims" and "citing *Chapman v. AI Transport, Inc*., 229 F.3d 1012, 1027 (11th Cir. 2000). [**MTD at 13:3**]. Here in the instant case, all plead claims are triable and clear. There are only five claims and the entire Complaint is only 66 pages. County is on fair notice o the claims against it.

County proceeded to incorrectly argue it has sovereign immunity because of Plaintiff's

alternative theory pleading in Count IV.  [**MTD at 14:3**]. [**Compl. at 14:55-61**]. However, alternative pleading is allowed in §1983 cases under Fed. R. Civ. Proc. 8(d); *Gregory v. Miami-Dade County*, Fla., 719 Fed. Appx. 859, 873 11th Cir. 2017; *Montanez v. Carvajal*, 2016 WL 231213 (M.D. Fla (Orlando) Jan. 15, 2016) ("Facts alleging the violation of constitutional rights by a police officer do not, on their own, demonstrate bad faith, malicious purpose, or wanton and willful conduct.").

It is the trier of fact who decides the liability of either the employee or municipality in alternative pleading. The matter of deciding liability in alternative pleading is a fact question for the trier of fact – i.e., the jury – to decide.  When differing inferences may be drawn, concerning whether an employee is operating within the scope of employment, the question is generally for the jury. *Volusia County*, 679 So.2d. at 735.  Emphasis added. Determining whether a police officer's action was conducted in a "willful and wanton" is a material issue of fact.  *Thompson v. Douds*, 852 So.2d. 299, 309 (Fla. DCA 2003). County is wrongfully raising the affirmative defense of sovereign immunity as dispositive entitlement when well-settled case law holds that question to be a decision for the trier of fact to decide if the employee or municipality is liable.  Florida's sovereign immunity does not bar all suits based on excessive force or battery by a police officer because those intentional torts "do not inherently or necessarily involve those elements[—bad faith, malicious purpose, or wanton and willful disregard of human rights—] which would activate immunity." *Richardson v. City of Pompano Beach*, 511 So.2d 1121, 1124 (Fla. Dist. Ct. App. 1987).

While battery is an intentional tort, the City may be held liable for an employee's intentional act(s) as long as the employee is acting within the course and scope of his employment and the act or omission is not committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of the plaintiff's rights." *City of Boynton Beach v. Weiss,* 120 So. 3d 606, 611 (Fla. Dist. Ct. App. 2013). The differing inferences of alternative pleading of state law

18

liability is for the jury in this case to decide. It is the jury's role to decide the liability in this pleading of differing inferences and alternative liability. *Carestio v. Sch. Bd. of Broward Cnty.*, 866 So. 2d 754 (Fla. Dist. Ct. App. 2004) (concluding that school employees who kicked and punched a student after removing him from class for disruptive behavior were within the scope of employment, and directing the factfinder t[o] determine whether the employees were acting in a willful and wanton manner).

Further, County cannot be granted sovereign immunity because Plaintiff plead that Diaz lacked probable cause or arguable probable cause for his false arrest of Plaintiff. *Lester v. City of Tavares*, 603 So. 2d 18, 19 (Fla. 5th DCA 1992) (addressing a discretionary arrest and stating "There is no sovereign immunity for false arrest."). *Accord Dickinson v. Gonzalez*, 839 So. 2d 799, 713 (Fla. 3d DCA 2003), (citing*Lester; Maybin v. Thompson*, 514 So. 2d 1129, 1131 (Fla. 2d DCA 1987); *Richardson v. City of Pompano Beach*, 511 So. 2d 1121, 1123 (Fla. 4th DCA 1987) (rev denied, 519 So. 2d 986 (Fla. 1988)). Under Fed. R. Civ. Proc. 8(d) (2), "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

For the City to have liability pursuant to section 42 U.S.C. section 1983, the Plaintiff must establish that his constitutional deprivations were the result of: 1) Defendant's policies or customs **or** 2) the Defendant's final policymaker(s) acted with deliberate indifference to a constitutional deprivation, **or** 3) the Defendant's final policymaker(s) delegated authority to a subordinate who, in turn, caused a constitutional deprivation, **or** 4) the Defendant's final policymakers ratified a constitutionally impermissible decision or recommendation of a subordinate employee. *Sherrod v. Palm Beach Cnty. Sch*. Dist., 424 F. Supp. 2d 1341, 1344 (S.D.Fla. 2006). One method of attributing conduct to the municipality is for plaintiff to show that the policy maker was aware of the subordinates' unconstitutional actions and consciously chose to ignore them." *Amnesty Am. v. Town of West Hartford,* 361 F.3d 113, 126 (2d Cir. 2005) (citing *Sorlucco v. New York City Police*

*Dep't.*, 971 F.2d 864, 870-71 (2d Cir. 1992) (stating that municipal liability lies where the subordinate's misconduct is "so manifest as to imply the constructive acquiescence of senior policy-making officials")). Where a policy-making official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a "deliberate choice," that acquiescence may "be properly thought of as a city 'policy or custom' that is actionable under [section]1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); see also *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995), *Jeffes v. Barnes*, 208 F.3d 49, 63 (2d Cir. 2000).

Therefore, County failed to demonstrate and prove its MTD burden that it has sovereign immunity or no municipal liability, or that Plaintiff plead a shotgun pleading. Mr. Ortega sufficiently plead his Count Respondeat Superior claim against County wherein genuine issues of material fact exist, and a jury can find that County is liable to Mr. Ortega under Respondeat Superior. County's MTD should be denied.

## CONCLUSION

Wherefore, all above premises considered, Plaintiff humbly prays this Court will deny County's MTD, and order County to file its Answer within 10 days.

Respectfully Submitted this **10th day of June 2025**

By: /s/ Rawsi Williams
Rawsi Williams, Esq. R.N.
State Bar No. 103201
RAWSI WILLIAMS LAW GROUP
701 Brickell Ave., STE 1550, Miami FL  33131
TEL:  888-RawsiLaw/888-729-7452
Email:rawsi@rawsi.com; Ajoseph2@rawsi.com; docservice@rawsi.com
Attorney for Plaintiff

Service List:
Frank T. Allen, Co-Counsel for Plaintiff
David Trontz, Counsel for Defendant Diaz
Jennifer Azar, Counsel for Defendant County