UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL CASE NO. 1:24-cv-22523-MOORE/Elfenbein

**KENNY ORTEGA,**  )
)
   Plaintiff,  )
)
**v.**  )
)
**MIAMI-DADE COUNTY,** a  )
Political Subdivision in the State  )
of Florida,     and **JOSEPH DIAZ,** )
in his individual capacity,  )
)
   Defendants.  )
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION OUT OF TIME**

**COMES NOW Plaintiff, KENNY ORTEGA,** by and through its undersigned attorneys, and files this *Plaintiff's Motion For Leave To File Opposition Out of Time.* The Opposition is filed with this motion and is only about two days late. <u>In support:</u>

1. Plaintiff's Opposition was due on June 10, 2025.  Today is June 13, 2025.

2. On June 10. 2025, Plaintiff's counsel was in the process of preparing to file the Opposition, but undersigned counsel Williams' internet crashed. Undersigned notified co-counsel Allen, but his electricity and power were off in Orlando due to a storm. Undersigned had no way to transmit the document to him for filing.

3. The next morning, June 11, 2025, Attorney Allen notified counsel for the County for Defendants of the issue, and requested notification of any concerns or objections to the Opposition being filed the next day. No concerns or objections were

1

communicated. [**EXHIBIT A**].[1]

4. The internet crash affected undersigned's computer and resultingly the document itself to include re-aligning the spacing and content. It was not until today that both matters were resolved, which also included undersigned having to send the document to co-counsel to resolve the spacing issue.

5. For judicial expediency and to show good cause wherein no objection had been communicated by Defendants, Plaintiff added a footnote to the Opposition explaining what occurred as opposed to filing a separate motion. Of course, Plaintiff would file a separate motion if the Court then so ordered.

6. However, County's Counsel on June 12, 2025, emailed that it now opposes the filing of the Opposition not filed on June 11, 2025. [**SEE EXHBIT A**].

7. Undersigned has responded with apology, also informing County that the Opposition was being filed today because the problems had been resolved today and that Plaintiff would file a Motion For Leave to File Out of Time and note County's position as opposed. [*Id*]. Diaz has not communicated any opposition in response to co-counsel Allen's email and has not yet responded for position on the instant motion.

8. Because the problem was resolved today (Friday) at approximately close of business, except for the spacing which was actively being resolved, wherein Plaintiff immediately notified Defendants, there was no time to hold an actual 3.01(g) conferral meeting but only to obtain positions. Plaintiff apprises the Court that

---

[1] The communications in the email chain regarding mediation are redacted, but the email subject lines are left unredacted to show that the content of those emails was mediation.

Plaintiff will commence the post-filing conferring on Monday and file the required notice.

9. No party has been harmed or prejudiced in this short delay. Defendant Diaz has already filed his Answer and did not oppose the requested extension sent by co-counsel Allen. County's first communication of opposition was on yesterday, June 12, 2025. County is still able to file any Reply, and Plaintiff understands and has no objection that County's computation for filing its Reply start from this filing date. Further, County has for months stayed and delayed the instant case, as well as the actual filing of the case by Mr. Ortega. It has also served/propounded discovery in the instant case, so it is not awaiting the outcome on its pending Motion To Dismiss to move forward. Plaintiff has already initiated the selection of a mediator and the parties have agreed on a Mediator. The case is actively moving forward. No party can credibly claim it has been prejudiced or harmed by this short delay caused by exigent circumstances.

10. Plaintiff would be severely and substantially prejudiced if this motion is denied, in that no opposition will exist for the court's consideration of County's Motion To Dismiss Plaintiff's Complaint, wherein the Complaint must be reviewed as true and in the light most favorable to Plaintiff, the burden of proof is on County as the non-moving party, and County's MTD is replete with misconstruction of case law and plead facts, non-analogous case law, and a falsely asserted heightened pleading standard. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983); SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir.1988), Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Johnson v. City of Shelby*,

Miss., 135 S.Ct. 346 (2014).

11. The circumstances giving rise to this motion were exigent, unforeseeable, and outside of Plaintiff's control.  Due to the damage to crash and resulting computer crash and damage to the document, it was not even a matter of simply going to another location to file or email the document.  The issues had to be resolved, and it was daily forecast that the issue would be resolved, with finality today.

12.  Plaintiff attests that he files this motion in good faith.

WHEREFORE, Plaintiff humbly prays this Court enter an Order granting this motion.

### Certificate of Compliance with Local Rule 3.01 (g)

I HEREBY CERTIFY that as explained herein, I have obtained the position of County which is opposed, and have not yet received a position from Diaz, and will complete 3.01(g) conferring with 72 business hours of this filing, because today is Friday.  .

### CERTIFCATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2025, I electronically filed the forgoing with the Clerk Court using the CM/ECF system, which will send electronic filing to all counsel of record.

Respectfully Submitted this **13th day of June 2025**

By: /s/ Rawsi Williams
Rawsi Williams, Esq. R.N.
 State Bar No. 103201
RAWSI WILLIAMS LAW GROUP
701 Brickell Ave., STE 1550
Miami FL  33131
TEL:  888-RawsiLaw/888-729-7452

              Email:rawsi@rawsi.com;
              Ajoseph2@rawsi.com;
              docservice@rawsi.com
              Attorney for Plaintiff

**Service List:**
Frank T. Allen, Co-Counsel for Plaintiff
David Trontz, Counsel for Defendant Diaz
Jennifer Azar, County for Defendant County

5