UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22523-CIV-MOORE

KENNY ORTEGA,

    Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.

_____/

## DEFENDANT MIAMI-DADE COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION OUT OF TIME

Defendant Miami-Dade County hereby responds in opposition to Plaintiff's Motion for Leave to File Opposition Out of Time (the "Motion") [ECF No. 50].

## INTRODUCTION

Despite getting exactly what he wanted—denial of Defendants' motion to extend the stay and reopening of this case—Plaintiff Kenny Ortega now flouts the first briefing deadline set upon him. Although his response to the County's Motion to Dismiss was due on June 10, 2025, three days passed until Plaintiff finally responded. Plaintiff's conduct belies the representations made to this Court at the May 15, 2025, Status Conference, at which his attorney insisted that the stay should be lifted because it was causing unnecessary delay and demanded that her client deserved his day in court. By failing to timely respond to a motion to dismiss that, if granted, would dispose of all claims against the County, Plaintiff obstructs the progress of this case and stalls prompt rulings. Accordingly, Plaintiff's Motion for Leave to File Opposition Out of Time should be denied, Plaintiff's Opposition to Defendant Miami-Dade County's Motion to Dismiss Complaint

[ECF No. 49], which was filed without leave of Court, should be stricken, and the County's Motion to Dismiss the Complaint, [ECF No. 44], should be granted by default.

## ARGUMENT

Plaintiff's belated Response defies the Local Rules for the Southern District of Florida, the Federal Rules of Civil Procedure, as well as this Court's Pretrial Order. Under Local Rule 7.1(c)(1), "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." The June 10, 2025, deadline by which to respond to the County's Motion to Dismiss came and went, yet Plaintiff filed nothing. Instead, on the morning of June 11, one of Plaintiff's *two* attorneys e-mailed undersigned counsel advising of issues with local counsel's internet connection, and a thunderstorm which resulted in a power outage in Orlando (where he is located), all of which prevented both lawyers from filing the response on time. *See* June 11 E-mail, attached hereto as ***Exhibit 1***.[1] In the e-mail, Plaintiff's counsel represented that the Response would be filed at some point that day (June 11), *see id.*, which never happened.

Contrary to Plaintiff's representations now, this June 11 e-mail did not ask for the County's position on a forthcoming motion for leave to file out of time, or motion for extension of time. It just offered "the professional courtesy of an update," *id.* at 2, and stated that the response would be late; there was no reference to any motion seeking relief from the Court and no request for the

---

[1] Local Rule 7.7(b) generally prohibits parties from furnishing the Court with copies of correspondence between or among counsel, "except when," as here, it is "necessary as an exhibit when seeking relief from the Court." S.D. Fla. L.R. 7.7.

County's position whatsoever.[2] When no response was filed on June 11, which is when Plaintiff's counsel stated it would be, undersigned counsel followed up on June 12 regarding the status of their brief. At that point, Plaintiff having failed to comply with his own self-extended deadline of June 11, the County volunteered that it would oppose any out-of-time filing to the extent that is what Plaintiff's counsel intended to do at that point. *Id.* Even after that, it wasn't until Friday night, June 13, that Plaintiff got around to responding to the motion to dismiss.

It strains credulity to think that ***two*** lawyers, practicing in ***two*** different cities, both suffered internet and power outages thwarting any and all efforts to respond to a substantive motion to dismiss. But even assuming that happened, there is still no excuse for Plaintiff's failure to file so much as a motion for extension of time explaining the situation. Local counsel's internet problems had no bearing on Plaintiff's ***other*** lawyer's ability to file something apprising this Court of the circumstances and seeking relief sooner than Friday night. After all, during that same timeframe, Plaintiff's counsel exchanged numerous e-mails with defense counsel about selecting a mediator

---

[2] In fact, just this morning, Plaintiff's counsel sought to confer after the fact regarding the Motion, citing Local Rule 3.01 for the Middle District of Florida. However, the County's opposition to Plaintiff's out of time filing was already provided in writing as far back as June 12, 2025, and so there is no need for any further conferral under Local Rule 7.1, which is what governs here. *See* S.D. Fla. L.R. 7.1(a)(2) (requiring that "***[p]rior to filing any motion*** in a civil case, . . . counsel for the movant shall confer (orally or in writing), . . . with all parties or non-parties who may be affected by the relief sought in the motion . . . ." (Emphasis added). Even less so where the Local Rules require conferral only ***prior to filing any motion***, and Plaintiff has already filed the Motion noting the County's opposition.

for this case. If counsel was able to do that, then surely they could have filed the appropriate motion in accordance with the requirements set by this Court.

Not that Plaintiff even bothered seeking an extension of time, but if he had, this Court's Pretrial Order directs the parties to do so "in a timely fashion[,]" cautioning that "'[a] motion for extension of time is not self-executing.'" [ECF No. 4] (quoting *Compere v. Nusret Miami, LLC*, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020)). Likewise, under Federal Rule of Civil Procedure 6(b)(1)(B), extensions of time are only permitted for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." "Whether neglect is excusable is an equitable determination 'taking account of all relevant circumstances surrounding the party's omission.'" *Fisher v. Off. of the State Att'y 13th Jud. Cir. Fla.*, 162 F. App'x 937, 940 (11th Cir. 2006) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Such relevant circumstances include "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. (cleaned up). And while district courts are afforded discretion under Rule 6(b) to accept untimely filings, they are not compelled to do so. *See McCool v. Bridgestone/Firestone N. Am. Tire, Inc.*, 222 F. App'x 847, 858 (11th Cir. 2007) (finding district court did not abuse its discretion by refusing to permit plaintiffs to file an untimely *Daubert* response).

The circumstances here do not support a finding of excusable neglect. Far from it. Plaintiff's explanation for the delay seemingly resolved on June 11, which is when counsel said the Response would be filed. At that point, if the purported technical issues persisted—although that was never communicated to defense counsel—there were a number of options left to pursue.

4

For example, Plaintiff's counsel could have moved for an extension of time; moved for leave to file the brief out of time sooner; filed the response from a location that had functioning internet; called defense counsel to explain the circumstances and confer as to any other solution; or even asked a colleague at another firm to file the brief for them. Plaintiff chose to do nothing, which does not connote acting good faith.

The County took seriously this Court's intention to move this case along with the lifting of the stay. To that end, the County filed its response to the Complaint sooner than the Court ordered; has complied with all pretrial deadlines thus far; served its initial disclosures on time; and, as noted in the Motion,[3] served discovery requests and requested Plaintiff's availability for deposition. By contrast, and in line with his failure to respond to the County's Motion to Dismiss on time, Plaintiff still hasn't even served initial disclosures, which were due on June 12, 2025.

It is well settled that "'[d]eadlines are not meant to be aspirational' and attorneys 'must take responsibility for the obligations to which [they] committed and get the work done by the deadline.'" *Pollo Campestre, S.A. de C.V. v. Campero, Inc.*, No. 19-20001, 2019 WL 3752575, at *3 (S.D. Fla. Aug. 8, 2019) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) (affirming district court's refusal to consider plaintiff's untimely responses to defendants' summary judgment motions). As a result of Plaintiff's conduct, these judicial proceedings are being delayed for no good reason, which is precisely what this Court sought to avoid by lifting the stay in the first place. Under these circumstances, the Court is well within its discretion to deny Plaintiff's Motion for Leave to File Opposition Out of Time and strike the Response to the County's Motion to Dismiss. *See, e.g., Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248 (11th Cir. 2005) (finding no abuse of discretion in district court's striking opposition to a motion

---

[3] *See* Motion ¶ 9.

for summary judgment filed four days late and contained no request for enlargement or explanation for untimeliness); *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) (finding no abuse of discretion in district court's refusal to consider an untimely opposition to summary judgment motion); *Martinez v. Palm Bay Police Dep't*, 2006 WL 1933812, at *1 (M.D. Fla. July 11, 2006) (striking plaintiff's response to defendants' motion for summary judgment where the response was filed two days late).

Because Plaintiff disregarded the Federal Rules of Civil Procedure, Local Rules, and this Court's Pretrial Order, the Motion for Leave to File Opposition Out of Time should be denied, Plaintiff's unauthorized and untimely response to the County's motion to dismiss must be stricken, and the County's Motion to Dismiss the Complaint should be granted by default.

Dated: June 16, 2025.                                   Respectfully Submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney

By: */s/ Jennifer L. Hochstadt*
Jennifer L. Hochstadt
Fla. Bar No. 56035
Assistant County Attorney
Stephen P. Clark Center
111 N.W. First Street, Suite 2810
Miami, FL  33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-mails: jennifer.azar@miamidade.gov
*Counsel for Miami-Dade County*