UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22523-CIV-MOORE

**KENNY ORTEGA**,

    Plaintiff,

v.

**MIAMI-DADE COUNTY**, *et al.*,

    Defendants.

_____/

**DEFENDANT MIAMI-DADE COUNTY'S REPLY IN
SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Setting aside the unfounded personal attacks and hyperbolic rhetoric, Plaintiff's Opposition to Defendant Miami-Dade County's Motion to Dismiss Complaint ("Response") [ECF No. 49], offers little in the way of substantive analysis. Instead, Plaintiff recites inapplicable legal standards—including the incorrect pre-*Twombly* pleading standard and the summary judgment standard—and references irrelevant issues. Under the governing pleading standard, Plaintiff's *Monell* claim is insufficiently pled. And as for Plaintiff's state law "respondeat superior" claim—which is not itself a cause of action—the Response ignores, and therefore concedes, most of the County's arguments for dismissal. Accordingly, the Motion [ECF No. 44] should be granted, and both claims against the County (Counts III and IV) should be dismissed.

**I.    Plaintiff relies on the wrong pleading standard, tainting the entire Response.**

The Response is littered with misstatements of law and outdated precedent. Most glaringly, Plaintiff travels under the wrong pleading standard to avoid dismissal of his *Monell* allegations. Citing to *Conley v. Gibson*, 355 U.S. 41, 47 (1957), Plaintiff argues the Complaint can only be dismissed if it appears "'beyond doubt that [he] can prove no set of facts in support of his claim

which would entitle him to relief.'" Resp. at 2 (quoting *Conley*, 355 U.S. at 45). That is incorrect. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court expressly abrogated the "no set of facts" pleading standard Plaintiff cites to, holding that the test "has earned its retirement" and "is best forgotten." 550 U.S. at 563; *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 714 (11th Cir. 2014) ("[T]he Supreme Court categorically retired [the no set of facts test] in *Twombly*."). Citing to "*Leatherman*, *Johnson*, and *Lanigan*,"—cases that either applied a pleading standard that is inapplicable today or are otherwise irrelevant—Plaintiff argues that his *Monell* claim was properly pled. Resp. at 4. But none of the cases cited support the notion that Plaintiff has alleged enough facts to "nudge[] [his] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. Because the Response relies on the pre-*Twombly* notice pleading standard exclusively, the arguments and authority Plaintiff advances in support of his *Monell* claim are fundamentally flawed.[1]

Under the correct pleading standard, to proceed beyond the motion to dismiss stage, the sufficiency of a plaintiff's claims is governed by the plausibility standard articulated in *Twombly*,

---

[1]   *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), and *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 479–80 (7th Cir. 1997), both pre-date *Twombly* and cite to the outdated *Conley*-era "no set of facts" pleading standard. And despite being the only post-*Twombly* case Plaintiff cites, in *Johnson v. City of Shelby, Mississippi*, the Court specified that *Twombly* and *Iqbal* "are not in point, for they concern the *factual* allegations a complaint must contain to survive a motion to dismiss[,] . . . [and] Petitioner's complaint was not deficient in that regard." 574 U.S. 10, 12 (2014). Here, Plaintiff's *Monell* claim is deficient precisely in that regard, so *Johnson* does not apply.

and further detailed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The County does not, as Plaintiff argues, "seek[] to hold him to a 'heightened pleading' standard[,]" Resp. at 4, but it does insist that the Complaint satisfy the correct pleading standard. And under that standard, Plaintiff's *Monell* claim does not withstand dismissal. As explained in the Motion, Plaintiff has not alleged sufficient facts for this Court to plausibly find that the County has an unofficial custom of inadequate training; false arrest and imprisonment; excessive force; falsification of police reports; fabricating evidence; or inadequate supervision. *See* Motion at 4–7.

Similarly misplaced are Plaintiff's countless references to "the absence of genuine issues of material fact," and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), which established the standard for deciding a motion for summary judgment. *See* Resp. at 2–3, 6, 11, 13, 16. At this juncture, there is no dispute as to the facts of this case; there can't be because the County filed a motion to dismiss, *not* a motion for summary judgment. And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, **accepted as true**, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556) (emphasis added). The County's Motion does not grapple with the veracity of the few facts that are alleged in the Complaint, but rather, with the sufficiency of those facts. It is because Plaintiff offers "mere conclusions" that "are not entitled to the assumption of truth," as opposed to "well-pleaded factual allegations," that the Complaint fails to state a claim against the County. *Id*. at 664. Accordingly,

Plaintiff's reliance on the summary judgment standard and case law interpreting that standard is also misplaced and inapposite to the analysis that is applicable here.

II. **Plaintiff fails to state an official policy or unofficial custom claim under *Monell*.**

Plaintiff incorrectly argues that the County "conflated" Florida law with the federal *Monell* requirements. *See* Resp. at 9. Not so. With regard to Count III, the federal *Monell* claim, the County argued that it cannot be held liable based on a theory of respondeat superior, which is black letter law. Motion at 3–4, 10. And although the Complaint does not use the words "respondeat superior" explicitly within Count III, in all respects that is what Plaintiff seeks to do—i.e., hold the County liable under § 1983 for Officer Diaz's alleged misconduct simply because he worked for the County at the time of this incident. Because Plaintiff entirely misapprehends the County's arguments, the Response misses the mark.[2]

Notwithstanding, the Response crystallizes what is clear from the face of the Complaint, which is that Plaintiff seeks to hold the County vicariously liable for the conduct of its employee, Officer Diaz. Plaintiff argues that all of Officer Diaz's conduct was unlawful: the stop, battery, detention, seizure, arrest, imprisonment, falsification of the police report. Resp. at 5. Then, without saying how, Plaintiff claims his constitutional deprivation was "caused by County's policy," and

---

[2] For example, Plaintiff spends five pages factually distinguishing *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795 (11th Cir. 2017), from the case at hand. *See* Resp. at 7–11. But the County only cited *Knight* in support of the well-established principle that a constitutional claim against a municipality cannot be based on theories of respondeat superior or vicarious liability. *See* Motion at 3–4. Accordingly, the facts of *Knight* have no bearing on determining the sufficiency of Plaintiff's allegations here.

4

so the "County is liable . . . under *Monell*[.]" *Id*. But the Supreme Court has foreclosed this exact argument: "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Indeed, with no exception or limitation, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id*. at 694. Yet that is all Plaintiff pleaded here. Plaintiff offers no facts to support the legal conclusion that a County policy caused the constitutional violations he alleges. After excising the numerous legal conclusions couched as factual allegation, what remains is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Highlighting these pleading deficiencies, the Response also contains the same vague references to "policies" of "permitting and/or ratifying" police officers to commit constitutional deprivations that are found in the Complaint. *See* Resp. at 5; *see also* Compl. ¶¶ 41–42, 46–47, 49, 51 (repeating the words "policies, customs, practices, and/or procedures," without more). These are precisely the sort of conclusory allegations the Eleventh Circuit has held will not suffice to state a claim under *Monell*. In *Cluff v. Miami-Dade County*, the district court dismissed the municipal liability claim, finding that the plaintiff could not "manufacture" a custom "based on broad-sweeping conclusory statements without citation to any supporting documents or other specific examples indicative of such a custom." No. 21-23342, 2022 WL 700971, at *4 (S.D. Fla. Feb. 1, 2022). The Eleventh Circuit affirmed the dismissal because, "[i]n short," the plaintiff "pled no facts to show a custom." *See Cluff v. Miami-Dade County*, No. 22-10704, 2022 WL 16757095, at *3 (11th Cir. Nov. 8, 2022). Plaintiff's allegations suffer from the same shortcomings here. Because the Complaint "contain[s] only the most conclusory allegations that [Plaintiff's] purported constitutional injuries occurred as a result of the [County's] customs and practices," *Martin v.*

5

*Wood*, 648 F. App'x 911, 916 (11th Cir. 2016), he is unable to state a claim for municipal liability based on an unconstitutional policy or custom.[3]

### III. Plaintiff's three cited incidents fail to support a "custom" claim under *Monell*.

Plaintiff claims he has sufficiently pled *Monell* liability by pointing to "seven other cases," and "multiple examples" of constitutional deprivations by the County, in addition to his own. Resp. 4, 13. However, the only other incidents discussed in the Complaint appear in footnote 1, and Plaintiff uses the Response to expound upon those allegations by adding details that are not contained within the four corners of the Complaint, which is improper. *See Tsavaris v. Pfizer, Inc.*, No. 15-cv-21826, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)) (Moore, J.). For example, Plaintiff claims that all of the officers referenced in footnote one "were arrested, indicted, convicted, and/or plead guilty to excessive force and/or falsification of police reports[.]" Resp. at 15. The Complaint doesn't say that; there is no allegation that the 2018 incident resulted in arrest, indictment, conviction, a guilty plea to excessive force and/or falsification of police reports. *See* Compl. at 10 n.1. Therefore, the Court should give no credence to these additional allegations.

---

[3] To the extent Plaintiff meant to plead an official policy claim, but also argues he is not obligated to "plead the actual names or titles of Defendant's policies at this stage of the pleadings[,]" he is mistaken. Resp. at 10. To state an official policy claim under *Monell*, a plaintiff must "***identify*** a municipal 'policy' or 'custom' that caused [his] injury," which Plaintiff has not done. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (cleaned up) (emphasis added).

6

But even if the Court considered Plaintiff's newly added facts—which it cannot and should not do—the result would be the same. As the Response makes clear, **none** of the incidents cited involved allegations of false arrest or false imprisonment, which is the specific allegation footnote 1 seeks to support. *See* Compl. ¶ 47(a). Accordingly, even accepting the details improperly added through the Response, these incidents do not move the needle because three factually distinguishable incidents are insufficient to support a claim under *Monell*. *See* Motion at 9–10.

Furthermore, as the Motion makes clear, under prevailing Eleventh Circuit law, Plaintiff's three-incident footnote is not enough to prove a persistent and widespread practice sufficient to establish an unconstitutional County policy. *See* Motion at 10–11. Plaintiff must establish "a longstanding and widespread practice . . . deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Id*. He has not. Instead, Plaintiff claims the County "wrongly applied and misconstrued" the *Peterson* decision by "fail[ing] to apply all of the sentences of its citation." Resp. at 15. Notably, Plaintiff fails to specify what material portions the County supposedly omitted—likely because there are none. Outside of what was covered in the Motion, there isn't much more to be said about that case. The Fifth Circuit found as follows: 27 complaints of excessive force over a period of four years in a police department that employs more than 1,500 officers does not establish a pattern or policy of condoning excessive force such that the city could be held liable for its employees' unconstitutional conduct. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 852 (5th Cir. 2009) (citing *Monell*, 436 U.S. at 694). Similarly, eleven incidents have been deemed insufficient to support a pattern of illegality. *See Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). The law in this Circuit is comparable. *See* Motion at 10–11 (citing collection of cases).

To sustain a custom claim under *Monell*, Plaintiff was "required to allege specific facts detailing a widespread policy and custom, not just a couple of incidents and a conclusory assertion." *Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1272 (S.D. Fla. Nov. 17, 2015). The three incidents cited, in addition to being factually dissimilar to this case, also fail to show any persistent and widespread practice of constitutional violations known to the County. Because Plaintiff has failed to meet this threshold, Count IV must be dismissed.

**IV.  The County's entitlement to sovereign immunity can and should be resolved at the motion to dismiss stage.**

With respect to the state law claim (Count IV), Plaintiff ignores the County's argument that respondeat superior is a doctrine of liability and not itself a cause of action. *See* Motion at 11. Plaintiff also fails to meaningfully address the County's shotgun pleading argument, which is a second basis for dismissal of Count IV.[4] By failing to respond to these arguments, Plaintiff concedes them, requiring dismissal of Count IV. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") (cleaned up); *see also Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*, No. 16-22236, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) (noting that a plaintiff who fails to address an argument raised in a motion to dismiss "implicitly concedes" that argument.).

---

[4]  Rather than offer any substantive argument, Plaintiff simply states that the "Complaint is not a shotgun pleading." Resp. at 17. But the Eleventh Circuit has "long held that [a litigant] abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

The only argument Plaintiff offers in defense of Count IV is that sovereign immunity is a question of fact for a jury and not this Court to resolve, which is incorrect. Resp. at 18–19. "[S]overeign immunity can be decided as a matter of law when the facts compel that outcome." *Williams v. Miami-Dade County*, 740 F. Supp. 3d 1219, 1240 (S.D. Fla. 2024) (cleaned up). Both the Florida Supreme Court and the Eleventh Circuit have rejected Plaintiff's argument to the contrary. In *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1966), which Plaintiff principally relies upon, the Court stated as follows: "We emphasize . . . that this holding [that a factual question must be presented to the jury] is based on the questions presented by the facts at hand. ***There may be cases in which summary dismissal would be proper based on different facts***." (Emphasis added).[5] And in *Prieto v. Malgor*, 361 F.3d 1313, 1320 (11th Cir. 2004), the Eleventh Circuit, citing *McGhee*, noted that the Florida Supreme Court "explicitly disavowed the proposition that the question of bad faith must always be submitted to the fact-finder." Indeed, the Eleventh Circuit has never held that state law sovereign immunity cannot be determined at the motion to dismiss stage. Plaintiff's insistence to the contrary is belied by the 14 cases cited in the County's motion where judges in this District, including this Court, have dismissed state law claims based on sovereign immunity. *See* Motion at 15.

---

[5]  Plaintiff also cites *Thompson v. Douds*, 852 So. 2d 299, 309 (Fla. 2d DCA 2003), in which the Court found issues of fact existed as to whether the officers' actions constituted wanton and willful disregard of human rights thus precluding summary judgment on a state law battery claim. 852 So. 2d at 309. The Court did not, as Plaintiff claims, stake out a brightline rule designating sovereign immunity as a "decision for the trier of fact to decide if the employee or municipality is liable." Resp. at 17.

Lastly, in a final effort to overcome the County's entitlement to sovereign immunity, Plaintiff makes the unremarkable point that he is allowed to plead in the alternative. Resp. at 17–18. The County never argued otherwise. Federal Rule of Civil Procedure 8(d)(2) allows pleading in the alternative, but "courts have also recognized the limits to a plaintiff's ability to advance 'alternative' theories in § 768.28 cases where the factual allegations can only suggest malice or bad faith on the part of the individual defendant." *Gregory v. Miami-Dade County*, 86 F. Supp. 3d 1333, (S.D. Fla. 2014) (cleaned up). Pleading in the alternative is not a viable option here because the Complaint alleges that Officer Diaz violently arrested Plaintiff for no reason, threw him to the ground by his neck causing injury, and then lied in sworn police reports to cover it all up. Compl. ¶¶ 7–13. "These allegations can only equate with the kind of intentional, malicious misconduct by a state employee that does not give rise to municipal liability under Florida's waiver of sovereign immunity statute." *Terry v. Rodriguez*, No. 09-23726, 2010 WL 2342382, at *2 (S.D. Fla. June 7, 2010). Because the factual allegations in this case demonstrate that sovereign immunity is applicable, Count IV should be dismissed.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion, the claims against Miami-Dade County, Counts III and IV, should be dismissed with prejudice.

Dated: June 20, 2025.

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney

By: */s/ Jennifer L. Hochstadt*
Jennifer L. Hochstadt (Fla. Bar No. 56035)
111 N.W. First Street, Suite 2810
Miami, FL  33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-mail: jennifer.azar@miamidade.gov;
*Counsel for Miami-Dade County*