UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22523-MOORE/Elfenbein

**KENNY ORTEGA**,

    Plaintiff,

v.

**MIAMI-DADE COUNTY**, *et al.*,

    Defendants.
_____/

### NOTICE OF DISCOVERY HEARING

In accordance with the Court's Order Setting Discovery Procedures [ECF No. 6], all parties shall take notice that the undersigned will appear before the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge of the Southern District of Florida, on the 22nd day of July, 2025 at 3:00 p.m., for a discovery hearing on the issues set forth below.

*Discovery Matters to be Heard*

1. Plaintiff's availability for deposition.
2. Plaintiff's computation of each category of damages in his Initial Disclosures.

*Required Attachments*

Attached hereto are the following required documents:

**Exhibit A:** proposed order.

**Exhibit B:** a copy of Plaintiff's Initial Disclosures.

**Exhibit C:** the e-mail string between undersigned defense counsel and Plaintiff's counsel seeking to cure and confer upon the outstanding discovery issues. Based on Plaintiff's recent claims regarding conferral attempts, Defendant anticipates that these communications may become

necessary for reference at the hearing and so their submission is permitted under the Local Rules. *See* S.D. Fla. L.R. 7.7(b) (generally prohibiting parties from furnishing the Court with copies of correspondence between or among counsel, "except when," as here, it is "necessary as an exhibit when seeking relief from the Court.").

**Exhibit D:** a list of citations for legal authority the County intends to rely upon at the hearing, along with a copy of those authorities.

### CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(a)(2) and this Court's Order Setting Discovery Procedures, [ECF No. 6], undersigned counsel has made numerous conferral attempts since first requesting Plaintiff's availability for deposition to no avail. Likewise, upon receiving Plaintiff's initial disclosures on June 18, 2025, defense counsel immediately advised of deficiencies within the "Computation of Damages" section, and requested that Plaintiff amend the disclosures by June 20, 2025. Plaintiff failed to do so. On June 24, 2025, Plaintiff's counsel advised that she has been unable to contact her client to provide more information related to the initial disclosures and would respond with further information the following week. After receiving that e-mail, defense counsel offered to confer *telephonically* regarding the initial disclosures as well as deposition dates on the afternoon of June 24, the morning of June 25, and anytime on June 26. Plaintiff's counsel did not respond. On the morning of June 26, defense counsel called Plaintiff's counsel's office and left a message with her paralegal, followed up by an e-mail. Counsel did not respond either to the phone call or the e-mail. Then, on June 27, defense counsel again called Plaintiff's counsel's office and left a message with her assistant, followed up by an e-mail. Counsel, again, did not respond to either.

Despite these efforts, Plaintiff's counsel has not responded to Defendant's substantive requests about scheduling Plaintiff's deposition dates or curing the deficiencies in his initial disclosures. In e-mails sent directly to the Court, Plaintiff's counsel has referenced an intention to move to withdraw from this case, but no such motion has yet been filed. Given the 28-day window set forth in Local Rule 26.1(g)(2), which this Court "strictly enforces," [ECF No. 6 at 2], defense counsel has been left with no choice but to set these issues for hearing.

Dated: July 9, 2025

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL  33128

By: */s/ Jennifer L. Hochstadt*
Jennifer L. Hochstadt
Florida Bar No. 56035
Assistant County Attorney
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
E-mail: jennifer.azar@miamidade.gov
*Attorney for Miami-Dade County*