UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL CASE NO. 1:24-cv-22523-MOORE/Elfenbein

**KENNY ORTEGA**

    Plaintiff,

v.

**MIAMI-DADE COUNTY**, a political subdivision in the State of Florida, and **JOSEPH DIAZ** in his individual capacity,

    Defendants.

_____/

**UNOPPOSED ALL PLAINTFF'S COUNSEL EXPEDITED MOTION TO WITHDRAW REQUESTING THE COURT ENTER AN ORDER RELEASING *THE ALLEN FIRM, P.A.* AND *RAWSI WILLIAMS LAW GROUP* AS COUNSEL FOR PLAINTIFF KENNY ORTEGA IN ANY CAPACITY**

**NOW COMES** The Allen Firm P.A./Attorney Frank T. Allen and Rawsi Williams Law Group/Attorney Rawsi Williams (collectively "Attorneys"), pursuant to applicable Federal Rule of Civil Procedure and Southern District Local Rule (s), and hereby file this expedited *Unopposed Motion to Withdraw Requesting the Court Enter An Order Releasing Attorney Frank T. Allen and The Allen Firm P.A., and Attorney Rawsi Williams and Rawsi Williams Law Group, as Counsel of record for Plaintiff KENNY ORTEGA in any Capacity*, and hereby states as follows:

1. Attorneys are unable to continue to represent Plaintiff due to signifi-

1

cant and profound continuing irreconcilable differences fully precluding progressing and prosecuting this case.

2. During the time of the representation of Plaintiff since the Stay in this case was lifted, Attorneys have had to deal with an uncooperative client who refuses to respond to or complete discovery despite multiple requests, refuses to respond to requested deadlines to include mediation, refuses to respond to communication(s) including telephone calls, voice mails, emails, and client portal messages, although the client portal repeatedly shows Plaintiff logging in and reading shared Orders, Discovery, and messages.  At all times material hereto, Plaintiff wanted the Stay lifted, was aware of our fight to lift the Stay, and the Court's Order granting Plaintiff's request to lift the stay after May 16, 2025, status conference.  Plaintiff was also informed of the consequences of failure to respond to Discovery, and of all Plaintiff's counsels' intent to file a Motion To Withdraw.

3. Plaintiff's counsel even went as far as contacting a private investigator to visit the home to ensure that no injury, passing, or catastrophe had befallen Plaintiff in attempt to maintain this case.  Plaintiff responded that same day with his same telephone number and email on file, and then resumed not responding to any calls, messages, voice mails, or completing required discovery or other requested information.

4. To date, Plaintiff still has not completed Discovery and the deadline has passed. Plaintiff's noncompliance led to a discovery motion by Defendant County, scheduled hearing on that motion, and multiple rifts in communication amongst counsel. [**ECF 59, 60**].

5. Attorneys also had to schedule mediation based on Attorneys availability because Plaintiff would not respond to requests for confirmed mediation dates.

6. Attorneys did apprise Defendant County multiple times of Plaintiff's non-responsiveness prior to the County's motion and setting of the hearings, and of Attorneys' intent to withdraw.

7. Plaintiff's participation and input are materially necessary to complete discovery responses. Attorneys cannot manufacture the responses nor testify to the responses on Plaintiff's behalf wherein Plaintiff has not answered and will not answer any Discovery.

8. Plaintiff's refusal includes refusing to respond to deposition dates, Interrogatories, mediation, Requests for Production, appointments, or other requested information or deadlines.

9. To this end, Attorneys have multiple emails, messages, calls, and activity logs[1] from Attorneys to Plaintiff regarding his case, to no avail. Plaintiff still

---

[1] The undersigned could present/send all these documents to the Court for an *in camera* inspection of the Court wishes.

refuses to respond to either counsel or firm or complete discovery. Plaintiff is only represented by Attorney Allen at The Allen Firm, P.A., and Attorney Williams at Rawsi Williams Law Group.

10. Accordingly, Attorney Frank T. Allen/The Allen Firm, P.A., and Attorney Rawsi Williams/Rawsi Williams Law Group request this Court to enter an Order permitting The Allen Firm and Frank T. Allen, and Rawsi Williams Law Group and Rawsi Williams, to withdraw as counsel of record in the instant case and that the above counsel and law firms are relieved of all further responsibility to act as Plaintiff's attorneys in this action in any capacity. The undersigned cannot continue to represent Plaintiff as doing so is an impossibility and has created cognizable conflict of interests between the parties.

11. Plaintiff has been informed of this withdrawal. Also, the undersigned conferred with opposing counsel prior to the filing the instant Motion and opposing counsel has no objection to this Motion or withdrawal of The Allen Firm, P.A. and Frank T. Allen, nor Rawsi Williams Law Group and Rawsi Williams.

12. **WHEREFORE,** The Allen Firm, P.A. and Frank T. Allen, and Rawsi Williams Law Group and Rawsi Williams respectfully request this Court enter an order allowing them and their firms to withdraw as counsel for Plaintiff,

KENNY ORTEGA.  Additionally, the undersigned Attorneys request that Plaintiff be afforded thirty (30) days to retain substitute counsel.

### CERTIFICATE OF INFORMING CLIENT

Undersigned Attorneys informed Plaintiff on June 30, 2025,  July 1, 2025, that Attorneys would be withdrawing from this matter for the reasons stated herein. However, as a matter of professional courtesy the undersigned Attorneys attempted to continue to stay on to assist and help Plaintiff until the situation became simply untenable and an impossibility to proceed without Plaintiff's participation. The undersigned Attorneys do not know if Plaintiff will proceed *pro se* or retain counsel. Plaintiff has been served a copy of this Motion also requesting thirty days for Plaintiff to obtain new counsel.  Nevertheless, as is required to provide to the Court the telephone number for Plaintiff, KENNY ORTEGA, is 754-274-8110 and his email address is Kortega1719@icloud.com.  He resides at 6540 Knighthurst Way, Davie FL 33331.

### CERTIFICATE OF GOOD FAITH CONFERECE

I HEREBY CERTIFY that I have conferred with counsel for Defendant and Defendant's Counsel has no objection to the relief sought.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 21, 2025, I electronically filed the foregoing with the Clerk of Court,  Florida Southern District, and all counsel of record

5

using the Court's electronic case filing system, and served a copy on Plaintiff at

Kortega1719@icloud.com. [2]

                                       Respectfully Submitted this 21st Day of July 2025

                                       By: /s/ Rawsi Williams
                                       Rawsi Williams, Esq. R.N.
                                       State Bar No. 103201
                                       RAWSI WILLIAMS LAW GROUP
                                       701 Brickell Ave., STE 1550
                                       Miami FL  33131
                                       TEL:  888-RawsiLaw/888-729-7452
                                       Email:rawsi@rawsi.com;
                                       Ajoseph2@rawsi.com;
                                       docservice@rawsi.com
                                       Attorney for Plaintiff

**Service List**
Frank Allen, Esq., Co-Counsel for Plaintiff
Fabiana Cohen, Esq., Counsel for Defendant Miami-Dade County
Jennifer Azar, Counsel for Defendant Miami-Dade County
David Trontz, Counsel for Defendant Joseph Diaz

---

[2] The clerk can forward all Orders and filings to this email address until BIABATO retains counsel.